ANDREW C. CROSS (SBN 267844)
Attorney at Law
42 Retiro Way, A
San Francisco, CA 94123
(Tel) (415) 874-9031
Email: accross13@gmail.com

Attorney for: William Garlock and
Georgina Ramirez Rodriguez

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KARENA A. FENG, | Case No. 19-cv-07541 |
| Plaintiff, | |
| vs. | **DEFENDANTS GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| PAUL PELOSI, JR.; GEORGINA RAMIREZ RODRIGUEZ; WILLIAM GARLOCK; DAVID J. LONICH; KEVIN R. MARTIN; GREENLAKE REAL ESTATE FUND, LLC; BANK OF AMERICA; JOHN DOE, and JANE DOE | |
| Defendants. | Date:        Monday, January 13, 2020<br>Time:        9:30 a.m.<br>Dept:        C, 15th Floor<br>Judge:       Hon. Sallie Kim<br>Action Filed: 11/15/2019 |

## TABLE OF CONTENTS

**Page**

Notice of Motion and Motion to Dismiss ………………………………………….…………… 7

Statement of Issues to be Decided ……………………………………………………….…… 7

Memorandum of Points and Authorities ………………………………………..……... 8

Introduction ………………………………………………………………………… 8

Background ……………………………………………………..………….……… 8

    A. The Parties …………………………………………………………………… 8

    B. Relationship Between Rodriguez, Garlock, Pelosi, and Plaintiff ………………… 9

C.  Initial Complaint and Settlement Between WEH and FENG RE …..….…….….. 10

D.  Management of the Property ………………………………………..…….… 10

E.  Foreclosure of the Property …………………………………...……….…… 11

F.  Feng RE's Current Status ……………………………………..…………….. 11

G.  Plaintiff's Claims …………………………………………...…………….. 11

Legal Standard for Motion to Dismiss ……………………………………….……….. 12

Argument …………………………………………………………….……….. 12

I.      Plaintiff Lacks Article III Standing as Plaintiff Suffered No Injury In Fact .... 12

II.     Plaintiff Lacks A Federal Private Right Of Action To Bring Counts One and
        Three in this Lawsuit …………………………………………..………...…...14

III.    Plaintiff Has Failed to Plead a Cause of Action for RICO or Fraud ……...…  16

        A.    The Allegations in the Complaint Against Rodriguez and Garlock Fail to
              Satisfy the Requirements of Rule 9(b) and Must be Dismissed …….. 16

        B.    Plaintiff Has Failed to State a Claim Under the Racketeer Influenced
              and Corrupt Organizations Act (RICO) ……………………………... 17

              1.    Plaintiff Has Failed to Adequately Plead any Conduct by
                    Rodriguez or Garlock …………………………………….. 17

              2.    Plaintiff Has Failed to Adequately Plead the Existence of an
                    Enterprise …………………………………………………. 18

              3.    Plaintiff Has Failed to Adequately Plead Any Predicate Acts
                    Committed by or Participated In by Rodriguez or Garlock
                    ………………………………………………………….. 19

              4.    Plaintiff Has Failed to Plead a "Pattern of Racketeering Activity"
                    ……………………………………………………………… 21

              5.    Plaintiff Has Failed to Plead the Existence of a Conspiracy
                    ……………………………………………………………… 21

IV.     Plaintiff's Allegations Against Rodriguez and Garlock Fails to Satisfy Rule 8(a)
        and Thus Should be Dismissed ……………………………………………… 22

Conclusion …………………………………………………………………...……… 24

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Alan Neuman Prods., Inc. v. Albright*,

5
        862 F.2d 1388 (9th Cir. 1989) …………………………………………… 19

6

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
        526 U.S. 40 (1999) …………………………………………………..……… 15

7

8

*Ashcroft v. Iqbal*,
        556 U.S. 662, 129 S.Ct. 1937 (2009) ……………………….………… 12, 17, 22, 23

9

*Bell Atlantic Corp. v. Twombly*,

10
        550 U.S. 544 (2007) …………………………………………..………… 12, 22

11

*Boyle v. United States*,

12
        129 S. Ct. 2237 (2009) …………………………………………..……… 18

13

*Cetacean Community v. Bush*,

14
        386 F.3d 1169 (9th Cir.2004) ……………………………………… 14

15

*Collins v. O'Brien*,

16
        208 F.2d 44 (D.C.Cir.1953) ……………………………………… 13

17

*Conservation Force v. Salazar*,
        646 F.3d 1240 (9th Cir. 2011) ……………………………………… 12

18

19

*Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*,
        528 F.3d 1001 (8th Cir. 2008) ……………………………..……… 17, 20, 21

20

*Edwards v. Marin Park. Inc.*,

21
        356 F.3d 1058 (9th Cir. 2004) ………………………..……………… 16, 19

22

*Erlich v. Glasner*,

23
        418 F2d 226 (9th Cir. 1969) …………………………………...…….. 14

24

*Florer v. Congregation Pidyon*,

25
        639 F3d 916 (9th Cir. 2011) …………………………………..……… 14

26

*Holmes v. Securities Investor Protection Corp.*,
        503 U.S. 258 (1992) ……………………………………………… 18, 20

27

*In re All Terrain Vehicle Litig.*, 7

28
        71 F. Supp. 1057 (C.D. Cal. 1991) …………………………...……… 20

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

*In re Highley,*
    459 F.2d 554 (9th Cir.1972) …………………………………………………… 14

*In re Teledyne Defense Contracting Derivative Litig.,*
    849 F. Supp. 1369 (C.D. Cal. 1993) …………………………….…………… 20

*In re Toyota Motor Corp.,*
    785 F.Supp. 2d 883 (C.D. Cal. 2011) ……………………………………… 17

*Levine v. Vilsack,*
    587 F.3d 986 (9th Cir. 2009) …………………………………...………… 13

*Lugar v. Edmondson Oil Co.,*
    457 U.S. 922 (1982) ……………………………………………………… 15

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ……………………………………………………… 13

*McShane v. United States,*
    366 F.2d 286 (9th Cir.1966) ……………………………………………… 13

*Moore v. Kayport Package Exp. Inc.,*
    885 F.2d 531 (9th Cir. 1989) …………………………………...………… 20

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) …………………………………...…………… 16

*Nevijel v. North Coast Life Ins. Co.,*
    651 F.2d 671 (9th Cir.1981) ……………………………………………… 23

*Odom v. Microsoft Corp.,*
    486 F.3d 541 (9th Cir. 2007) ………………………………… 16, 19, 21

*Pareto v. F.D.I.C.,*
    139 F.3d 696 (9th Cir.1998) ……………………………………..……… 12

*Price v. State of Hawaii,*
    939 F2d 702 (9th Cir. 1991) ………………………………….…………… 14, 15

*Religious Tech. Ctr. v. Wollersheim,*
    971 F.2d 364 (9th Cir. 1992) ……………………………………………… 19, 21

*Reves v. Ernst & Young,*
    507 U.S. 170 (1993) ……………………………………………………… 18

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

*Russell v. United States*,
    308 F.2d 78 (9th Cir.1962) ………………………………………..………. 13

*Schmidt v. Herrmann*,
    614 F.2d 1221 (9th Cir. 1980) …………………………………….…. 23

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986) …………………………...…………16, 17, 20

*Sedima, S.P.R.L. v. Imrex Co., Inc.*
    473 U.S. 479 (1985) ……………….…………………………… 17, 18, 21

*Shell Petroleum v. Graves*,
    709 F.2d 593 (9th Cir. 1983) ………………………………………… 14

*Simon v. Value Behavioral Health, Inc.*,
    208 F.3d 1073 (9th Cir. 2000) ………………………………….…… 21

*Soranno's Gasco v. Morgan*,
    874 F.2d 1310 (9th Cir. 1988) …………………………………,,…………. 14

*Stanislaus Foods Prods. Co. v. USS-POSCO Indus.*,
    782 F. Supp. 2d 1059 (E.D. Cal. 2011) ………………………………… 12

*Sun Savings & Loan Association v. Dierdorff*,
    825 F.2d 187 (9th Cir. 1987) …………………………………...…….. 19

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ……………………………..…………… 17

*Turner v. Cook*,
    362 F.3d 1219 (9th Cir. 2004) …………………………………………. 21

*United States v. Persico*,
    832 F.2d 705 (2d Cir. 1987) …………………………………………… 21

*United States v. Turkette*,
    452 U.S. 576 (1981) ……………………………………………… 18

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ………………………………………… 16

*Villegas v. Gilroy Garlic Festival Ass'n.*,
    541 F3d 950 (9th Cir. 2007) …………………………...…………………..……. 15

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

*Walter v. Drayson*,
   538 F.3d 1244 (9th Cir. 2008) ……………………………………………… 18

**Statutes**

18 U.S.C. § 1341 ……………………………………………..……. 19, 20

18 U.S.C. § 1343 ………………………………………………..…... 19

18 U.S.C. § 1344 ………………………………………………..…… 19

18 U.S.C. § 1503 ………………………………………………..…… 19

18 U.S.C. § 1961, et seq (RICO). ………………………...…. 8, 13, 17-21

18 U.S.C. § 1893 ……………………………………………..…... 14

**Other Authorities**

Federal Rules of Civil Procedure, Rule 8(a) ……………………..…………… 8, 22, 23

Federal Rules of Civil Procedure, Rule 9(b)…………………...……... 8, 16, 17, 19, 20, 22

Federal Rules of Civil Procedure, Rule 12(b)(6) ………………………….…... 7, 12, 14, 22

U.S. Const. Art. III ………………………………………..…... 7, 12, 13, 14

U.S. Const. Fourteenth Amendment ……………………………………….………. 8, 12-14

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

## NOTICE OF MOTION AND MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE

**PLEASE TAKE NOTICE** that on Monday, January 13, 2020, at 9:30 a.m., or as soon as the matter may be heard before the Honorable Judge Sallie Kim in the United States District Court for the Northern District of California, Courtroom C, located on the 15th Floor of the United States Courthouse, at 450 Golden Gate Avenue, San Francisco, California, Defendants Georgina Ramirez Rodriguez and William Garlock will and do move to dismiss this action without leave to amend pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants Ramirez and Garlock make this motion because the Plaintiff's complaint and claims for relief fail to state a cause of action on which relief may be granted because Plaintiff: (1) lacks standing; (2) lacks a private right of action, and (3) has failed to state a claim on which relief may be granted.  The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Georgina Rodriguez, the concurrently filed Request for Judicial Notice in Support of Motion to Dismiss, the pleadings and papers filed herein, and the argument of counsel at the time of the hearing.

Dated:  December 3, 2019                              Respectfully Submitted,


                                                    /Andrew C. Cross/
                                                    Andrew C. Cross
                                                    Attorney for Georgina Ramirez
                                                    Rodriguez and William Garlock


### STATEMENT OF ISSUES TO BE DECIDED

1.      Does Plaintiff meet Article III's standing requirements?

2.      Does Plaintiff lack a private right of action to bring this lawsuit?

3.      Has Plaintiff failed to state a claim?

4.      Should the Court grant judicial notice of Exhibits A-F attached to the Request for Judicial Notice?

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

Plaintiff is an individual residing in San Francisco who alleges she has been harmed by the fraudulent transfer of property located at 2601-2611 24th Street, San Francisco, CA (the "Property") from Feng RE, Inc. ("Feng RE") to Feng 24th, LLC ("Feng 24").  Plaintiff alleges that Defendants engaged in a scheme or conspiracy in violation of her due process rights under the Fourteenth Amendment of the U.S. Constitution and 18 U.S.C. 1961 et seq. that caused the title of the Property to be transferred from Feng Re to Feng 24 without her knowledge.  Plaintiff also appears to claim that Defendant Paul Pelosi, Jr. caused Plaintiff to transfer the property through fear of reporting Plaintiff to the Department of Family and Child Services.

Plaintiff's complaint fails for four reasons: (1) the allegations in the complaint, taken as true, show that the party harmed is Feng RE and not Plaintiff; (2) Plaintiff failed to meet the pleading standards required by Rule 8(a) and Rule 9(b) of the Federal Rules of Civil Procedure; (3) Plaintiff failed to meet the pleading standards required in a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") cause of action; and (4) Plaintiff's has no claim against a non-state actor for violation of her Fourteenth Amendment rights.  For all these reasons, as detailed below, Plaintiff's Complaint must be dismissed with prejudice.

## <u>BACKGROUND</u>

### A.     The Parties

Karena Feng is the president and sole shareholder in the FTB Suspended entity Feng RE, Inc.  Prior to the transfer at issue in this complaint, Feng RE was the title owner of the Property located at 2601-2611 24th Street.  Georgina Ramirez Rodriguez ("Rodriguez") is the president and sole shareholder in the entity West Edge Halo, Inc. ("WEH").  WEH's purpose is to own, manage, and rehabilitate real property.  William Garlock ("Garlock") is an experienced real estate investor and in the past has provided business advice to Rodriguez.  David Lonich was an attorney and he represented Rodriguez and WEH on the matters related to the Property.  (Declaration of Georgina Rodriguez in Support of Defendants Georgina

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

1    Ramirez Rodriguez and William Garlock's Motion to Dismiss Complaint ("Rodriguez

2    Decl."), at ¶ 4.)  Kevin Martin is an attorney and was Plaintiff's attorney on matters related to

3    the Property.  Feng 24th, LLC is an LLC that was originally owned 51% by WEH and 49% by

4    Feng RE.  GreenLake Real Estate Fund, LLC ("GreenLake") is a private lender that made a

5    $3,500,000 loan to Feng 24 (the "GreenLake Loan").  The loan capital was to rehabilitate the

6    Property. (Rodriguez Decl. at ¶ 7.)  GreenLake, or a subsidiary, is the current title holder for

7    the Property as of the November 19, 2019 foreclosure sale.

8            **B.      Relationship Between Rodriguez, Garlock, Pelosi, and Plaintiff**

9            Sometime in the spring or early summer of 2015, Rodriguez learned about the

10   Property and of Plaintiff through Paul Pelosi, Jr.  (Rodriguez Decl. at ¶ 2.)  Rodriguez learned

11   that Feng RE owned the Property, was currently in default on a $1,000,000 loan, and the

12   Property might be available for purchase. (*Id.*)  On or around July 17, 2015, WEH made an

13   offer to purchase the property for $4,000,000.  Feng RE and Plaintiff accepted the offer. (*Id.*

14   at ¶ 3; *see* Defendants Georgina Ramirez Rodriguez and William Garlock's Request for

15   Judicial Notice in Support of Motion to Dismiss Complaint ("RJN") Ex. A.)  After Plaintiff

16   accepted this offer, and without informing WEH, Feng RE entered into a new $1,400,000 loan

17   agreement to refinance the Property.  She used this refinancing to payoff the $1,000,000 loan

18   in default.  Rodriguez and Garlock believe Feng RE made no interest payments on this new

19   loan because it went into default.

20           On or around January 21, 2016, WEH and Feng RE agreed to an addendum to the

21   purchase agreement that lowered the purchase price for the Property and included a date when

22   escrow had to close. (Exhibits B and C attached to RJN Ex. A)  On May 23, 2016, WEH gave

23   written notice to Feng RE and Plaintiff, through escrow, that WEH was ready, willing and

24   able to close the transaction specified in the purchase agreement and addendum. (Rodriguez

25   Decl. at ¶ 3.)  Feng RE, through Plaintiff as president, stated that Feng RE would not close the

26   transaction and Plaintiff disavowed her signature to the purchase agreement and the

27   addendum.

28   //

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

### C.        Initial Complaint and Settlement Between WEH and FENG RE

On August 12, 2016, WEH filed a complaint against Feng RE and Plaintiff in San Francisco County Superior Court, Case No. CGC-16-553680, for breach of contract and specific performance. (RJN Ex. A.)  WEH was represented by David Lonich.  Feng RE and Plaintiff were represented by Kevin Martin.  The purchase agreement and addendum included a mediation provision, and the parties agreed to mediate their disputes.

At the mediation, WEH, Feng RE and Plaintiff agreed to a settlement.  The terms of the settlement were set forth in the Settlement Agreement (RJN Ex. B) and more fully in the Operating Agreement for Feng 24th LLC (RJN Ex. C), and provided, generally: (1) parties would form Feng 24th, LLC,  with WEH as a 51% member and Feng RE as a 49% member; (2) Feng RE would transfer the Property to Feng 24; (3) WEH would pay off the mortgage on the Property in default, fix abatement orders, and make unknown needed repairs and improvements of the Property; (4) WEH would pay, and did pay, an initial $300,000 to Feng RE and another $100,000 in six months – that WEH also paid.  It was also agreed that WEH would act as manager for Feng 24.

On or around March 16, 2017, Plaintiff authorized Kevin Martin with power of attorney to sign any documents needed to transfer the Property from Feng RE to Feng 24.  On this same day Kevin Martin signed the Grant Deed that transferred the Property from Feng RE to Feng 24. (RJN Ex. 5.)

### D.        Management of the Property

Feng 24's Operating Agreement vested management power in WEH.  WEH, through Rodriguez as its president, had "the full power to execute and deliver, for, and on behalf of, [Feng 24], any and all documents and instruments which may be necessary or desirable to carry on the business of [Feng 24], including, without limitation, any and all deeds, contracts, leases, mortgages, deeds of trust, promissory notes, security agreements, and financing statements pertaining to the Company's assets or obligations[.]"  (See Section 5.1.2 of RJN Ex. C.)  WEH had "the right to cause [Feng 24] to enter into loan transactions on such terms and conditions as Manager deems appropriate[.]" (See Section 5.1.4 of RJN Ex. C.)

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

1    Under this authority Rodriguez, as president of WEH, entered into the GreenLake

2  Loan secured by a First Priority Deed of Trust.  Unfortunately, the Property was in greater

3  disrepair than Rodriguez understood and the construction work could not finish on time

4  causing Feng 24 to default on the GreenLake Loan in January 2019.  After this default

5  Rodriguez spent months working with GreenLake to find refinancing that would pay off the

6  GreenLake Loan.  Rodriguez personally paid $66,000 to GreenLake for three foreclosure

7  extensions, and Rodriguez personally paid roughly $140,000 in lender due diligence fees in

8  her attempts to secure refinancing.  (Rodriguez Decl. at ¶¶ 9, 10.)  Plaintiff has attached one

9  of these foreclosure extensions as Exhibit B to the Complaint.

10    **E.    Foreclosure of the Property**

11    In the first half of November 2019, Rodriguez was involved in heavy negotiations

12  with Northwind Financial Corporation ("Northwind") to provide refinancing that would save

13  the Property from a November 19th foreclosure sale. (Rodriguez Decl. at ¶ 11.)  Northwind

14  had preliminary agreed to fund a $5,800,000 loan to Feng 24 that would cure the GreenLake

15  default and provide the money needed for construction costs.  (*Id*.)  Rodriguez, through

16  counsel, and on her own tried to communicate with Plaintiff that the Property will be lost at a

17  foreclosure sale unless Plaintiff either signed new loan documents or agreed to transfer Feng

18  RE's interest in Feng 24 to WEH, but Plaintiff refused to do any act that would help prevent

19  the Property from foreclosure. (*Id*. at ¶ 12.)  On November 15th, Plaintiff filed this complaint.

20  On this same day, after receiving notice of this complaint, Northwind refused to fund the loan.

21  (Rodriguez Decl. at Ex. 13.)  GreenLake conducted a foreclosure sale on November 19th and

22  now own the Property.

23    **F.    Feng RE's Current Status**

24    Feng RE's current status on the California Secretary of State's business search site is

25  "FTB Suspended." (RJN Ex. E.)

26    **G.    Plaintiff's Claims**

27    Ms. Feng's complaint rests on the claim that the Property was improperly transferred

28  from Feng RE to Feng 24 without her knowledge or consent.  Plaintiff asserts that this transfer

violated her Fourteenth Amendment rights, that the transfer was part of an ongoing racketeering enterprise of Defendants, and that Plaintiff's civil rights were violated by this transfer.  Plaintiff makes several allegations related to her children and Mr. Pelosi, but it's unclear how these allegations relate to Plaintiff's claim that the Property was improperly transferred from Feng RE to Feng 24.

### LEGAL STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court properly dismisses a complaint for failure to state a claim upon which relief may be granted if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citations omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference' that the defendant may be liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009), citing *Twombly*, 500 U.S. at 556.

In considering a motion under Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party, but "labels and conclusions, and a formulaic recitation of elements of a cause of action will not" survive a motion to dismiss. *Twombly*, 550 U.S. at 555.  The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Stanislaus Foods Prods. Co. v. USS-POSCO Indus.,* 782 F. Supp. 2d 1059, 1064 (E.D. Cal. 2011) (quotation marks and citation omitted).

### ARGUMENT

I.   **PLAINTIFF LACKS ARTICLE III STANDING AS PLAINTIFF SUFFERED NO INJURY IN FACT**

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

To have standing to maintain this lawsuit against Rodriguez and Garlock, Plaintiff would have to meet all three requirements of Article III: (1) that Plaintiff had suffered and injury in fact that was concrete and particularized, and actual or imminent; (2) that the injury is fairy traceable to the challenged conduct; and (3) that the injury is likely to be redressed by a favorable court decision. *Levine v. Vilsack*, 587 F.3d 986, 991-992 (9th Cir. 2009); see also *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560- 61 (1992).

Plaintiff is Karena A. Feng, an individual who resides in San Francisco, California (see Plaintiff's Complaint ("Complaint") at lines 57-58.)  Plaintiff claims that she was the owner of the Property and the transfer of the Property had violated her Fourteenth Amendment rights and her Civil Rights.  But Plaintiff directly contradicts the claim that she personally was the owner stating, "[o]n September 15, 2019, Borrower Feng 24th, LLC, obtaining title by the signature of Federal defendant Martin without Plaintiff's knowledge and without Plaintiff's authorization **transferring the Property from a wholly owned company of the Feng Family, Feng RE, Inc.** to a fictitious company, Feng 24, LLC in which Plaintiff held no ownership interest, and it is this fraudulent transaction that led to this Complaint." (emphasis added) (Complaint at lines 130-135.)

Plaintiff's claim is supported by the Grant Deed showing the Property was transferred from Feng RE to Feng 24. (RJN Ex. D.)  Although Plaintiff makes no statement regarding her relationship to Feng RE, the most recent statement of information filed for Feng RE and found on the California Secretary of State's online corporate records website "businesssearch.sos.ca.gov" lists Plaintiff as the company's Chief Executive Officer, Secretary, and sole Director. (RJN Ex. F.)  Moreover, this website lists Feng RE's status as "FTB Suspended" meaning it lost its rights, powers, and privileges to act. (RJN Ex. E.)

Plaintiff, as a non-attorney, may appear in propria persona in her own behalf, that privilege is personal to her. *McShane v. United States*, 366 F. 2d 286, 288 (9th Cir.1966). Plaintiff has no authority to appear as an attorney for others than herself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954).  In this case, the record shows

no matter before the district court presented by, or on behalf of, Karena Feng.  It is "...the well-established doctrine that a shareholder lacks standing to bring a section 1983 action on behalf of the corporation in which he owns shares." *Erlich v. Glasner*, 418 F2d 226, 228 (9th Cir. 1969).  A corporation must be represented by counsel. *In re Highley,* 459 F.2d 554, 555 (9th Cir.1972).  Similarly, it is insufficient for the plaintiff to assert a personal economic injury from a wrong to the corporation.  *Shell Petroleum v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983); *Soranno's Gasco v. Morgan*, 874 F.2d 1310, 1318 (9th Cir. 1988).

Based on Plaintiff's lack of standing, Count One, Two, and Three cannot properly be brought by Plaintiff as all claims relate to harm caused to Feng RE and not Plaintiff in her individual capacity.  Thus, Plaintiff lacks Article III standing.  "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir.2004).  It is proper that the Court grant Defendants Rodriguez and Garlock's Motion to Dismiss under Rule 12(b)(6) without leave to amend for all claims arising from or related to the Property.

## II.   PLAINTIFF LACKS A FEDERAL PRIVATE RIGHT OF ACTION TO BRING COUNTS ONE AND THREE IN THIS LAWSUIT

Even if Plaintiff had standing to bring this lawsuit on behalf of a corporate entity, Plaintiff still lacks a federal private right of action.  Counts One and Three, to the best of Defendants Rodriguez and Garlock's knowledge, allege that Plaintiff's rights under the Fourteenth Amendment and Civil Rights Act (18 U.S.C. § 1893, et seq.) were violated because the Property was conveyed to Feng 24.  Plaintiff has failed to state, and cannot state, such a claim against Defendants Rodriguez and Garlock because these Defendants were not "state actors" or acting under color of state authority.

"We start with the presumption that the conduct of private actors is not state action. Citation omitted.  [Plaintiff] bears the burden of establishing that defendants were state actors." *Florer v. Congregation Pidyon*, 639 F3d 916, 922 (9th Cir. 2011).  In *Price v. State of Hawaii*, 939 F2d 702 (9th Cir. 1991) this Court made the statement that "[h]owever, private parties are not generally acting under color of state law, and we have stated that conclusionary

1   allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the

2   Civil Rights Act." *Price*, *supra*, at 707, 708.

3       In *Villegas v. Gilroy Garlic Festival Ass'n.,* 541 F3d 950 (9th Cir. 2007), the court

4   addressed whether a private party can be subject to liability under section 1983:

5       In *Lugar v. Edmondson Oil Co*., 457 U.S. 922 (1982), the Supreme Court created
       a two step analysis for determining whether or not there was state action by a
6       private actor sufficient to establish liability for a constitutional tort. The first
       inquiry was "whether the claimed deprivation has resulted from the exercise of
7       a right or privilege having its source in state authority." *Id*. at 939.  The second
       was "whether, under the facts of this case, ... [the] private parties, may be
8       appropriately characterized as 'state actors.'" *Id*.  In *Brentwood Academy v.*
       *Tennessee Secondary School Athletic Association*, 531 U.S. 288 (2001), the
9       Court introduced a multi-factored test. *Id*. at 295-300.  The inquiry is a general
       one: "[S]tate action may be found if, though only if, there is such a 'close nexus
10      between the State and the challenged action' that seemingly private behavior
       'may be fairly treated as that of the State itself.'" *Id*. at 295, 121 S.Ct. 924
11      (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)). Some
       of the factors to consider in determining whether there is a "close nexus" are:
12      (1) the organization is mostly comprised of state institutions; (2) state officials
       dominate decision making of the organization; (3) the organization's funds are
13      largely generated by the state institutions; and (4) the organization is acting in
14      lieu of a traditional state actor. See *Id*. at 295-99.

15  *Villegas*, supra at 954, 955

16
17      Plaintiff's allegations in this complaint appear to be that the Property belonging to

18  Feng RE was transferred by her attorney without Plaintiff's authorization or permission, and

19  any document she signed related to this transfer are forgeries caused by defendants.  Plaintiff

20  is alleging that she was the victim of fraudulent acts taken by the defendants.  Plaintiff's

21  complaint fails to allege that any of the defendants are state actors, were acting under state

22  authority, or that there is any close nexus between the State and her claims that the Property

23  was fraudulently transferred.  To recover under § 1983 for conduct by the defendant, a

24  plaintiff must show "that the conduct allegedly causing the deprivation of a federal right be

25  fairly attributable to the State." *Lugar,* 457 U.S. at 937.  The state-action element in § 1983

26  "excludes from its reach merely private conduct, no matter how discriminatory or

27  wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation

28  marks omitted).  Without those allegations, Plaintiff's claim for violating a "constitutional

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

1  tort" against Rodriguez and Garlock fails and Count One and Three should be dismissed

2  without leave to amend.

3  **III.    PLAINTIFF HAS FAILED TO PLEAD A CAUSE OF ACTION FOR RICO OR
     FRAUD**

4

5     **A.    The Allegations Against Rodriguez and Garlock Fail to Satisfy the
             Requirements of Rule 9(b) and Must be Dismissed**

6

7  When a complaint includes claims for fraud, "a party must state with particularity the

8  circumstances constituting the fraud …" Fed. R. Civ. P. 9(b).  Rule 9(b) "requires the

9  identification of the circumstances constituting fraud so that the defendant can prepare an

10  adequate answer from the allegations." *Odom v. Microsoft Corp.,* 486 F.3d 541, 553 (9th Cir.

11  2007) (en banc) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393,

12  1400 (9th Cir. 1986)).  "[T]he pleader must state the time, place, and specific content of the

13  false representations as well as the identities of the parties to the misrepresentation." *Id*.

14  (citing *Schreiber*, 806 F.2d at 1401); see also *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.

15  1993) (fraud allegations must be "specific enough to give defendants notice of the particular

16  misconduct ... so that they can defend against the charge and not just deny that they have done

17  anything wrong.")  In the Ninth Circuit, Rule 9(b) applies:

18      (1) when a complaint specifically alleges fraud as an essential element of a claim,

19      (2) when the claim "sounds in fraud" by alleging that the defendant engaged in

20  fraudulent conduct, but the claim itself does not contain fraud as an essential element, and

21      (3) to any allegations of fraudulent conduct, even when none of the claims in the

22  complaint 'sound in fraud.

23  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-06 (9th Cir. 2003).

24      Plaintiff's complaint against Rodriguez and Garlock all stem from the same claim that

25  the Property was fraudulently transferred from Feng RE to Feng 24.  (Complaint at ¶¶ 15,

26  21,27, 29, 37, 43.)  This fraudulent transfer also forms the basis of the RICO claim, which

27  must be pleaded with particularity under Rule 9(b).  *Edwards v. Marin Park. Inc.,* 356 F. 3d

28  1058, 1065–66 (9th Cir. 2004) (stating that Rule 9(b) applies equally to civil RICO claims and

   that the plaintiff must state with particularity the circumstances constituting the fraud);

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

*Schreiber Distrib.*, 806 F. 2d at 1401 (stating that allegations of wire fraud must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme); *In re Toyota Motor Corp*. 785 F. Supp. 2d 883, 918 (C.D. Cal. 2011).

The complaint fails to allege the time, place, and manner of fraud committed by Rodriguez or Garlock.  The only allegations against Rodriguez and Garlock are conclusory statements that merely amount to a "formulaic recitation of the elements," and are not entitled to the assumption of truth. *Iqbal*, 129 S. Ct. at 1951, 1954.  Rather than allege specific actions done by Rodriguez or Garlock, they are lumped together with the alleged actions of Kevin Martin or Paul Pelosi, Jr.  A plaintiff may not simply lump together multiple defendants without specifying the role of each defendant in the fraud. *In re Toyota Motor Corp.*, 785 F. Supp. 2d at 919 citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Plaintiff's claims for relief against Rodriguez and Garlock should be dismissed for failure to satisfy Rule 9(b), and thus Plaintiff fails to state a claim upon which relief may be granted.

### B.      Plaintiff Has Failed to State a Claim Under the Racketeer Influenced and Corrupt Organizations Act (RICO)

Plaintiff's second cause of action is for civil violation of the RICO Statute.  RICO prohibits "any person employed by or associated with any enterprise, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a RICO claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity [known as predicate acts]." *Sedima, S.P.R.L. v. Imrex Co., Inc.* 473 U.S. 479, 496 (1985).  Section 1962(c)'s requirements must be established for each individual defendant. *Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008).  Plaintiff has failed to meet a single requirement for her claims against Rodriguez and Garlock.

### 1.      <u>Plaintiff Has Failed to Adequately Plead any Conduct by Rodriguez or Garlock</u>

Plaintiff failed to allege with particularity that Rodriguez and Garlock conducted any affairs for the enterprise.  The conduct requirement under § 1962(c) means that "[i]n order to

participate, directly or indirectly, in the conduct of such enterprise's affairs, one must have some part in directing those affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); see also *Walter v. Drayson*, 538 F.3d 1244, 1247-48 (9th Cir. 2008).

The predicate acts of mail fraud and wire fraud were allegedly committed by Kevin Martin signing the grant deed under power of attorney, thus transferred the Property from Feng RE to Feng 24.  The obstruction of justice act was allegedly the falsification or Plaintiff's signature, but Plaintiff fails to allege which defendant forged her signature. Similarly, Plaintiff fails to allege she was the victim of extortion by Rodriguez or Garlock, or even how the extortion relates to the transfer of the Property.  Lastly, the predicate act of "financial institution fraud" is alleged against the generic "defendants," not Garlock or Rodriguez.  Further, any alleged harm from this predicate act would fall upon the mortgagee and Plaintiff, as suffering no harm from financial institution fraud, would lack standing to bring a RICO claim for this alleged act.  *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 268-269 (1992).

An actionable RICO claim must show injury to Plaintiff from the commission of a predicate act by Rodriguez or Garlock.  Plaintiff lacks standing to assert this claim because she failed to plead any predicate acts committed by Rodriguez or Garlock that form a pattern of racketeering that directly caused her alleged injury. *Sedima*, 473 U.S. at 497 ("Any recoverable damages occurring by reason of a violation of section 1962(c) will flow from the commission of the predicate acts.")

2.   **Plaintiff Has Failed to Adequately Plead the Existence of an Enterprise**

It appears Plaintiff is alleging an "associated-in-fact enterprise" against defendants with the common purpose being to deprive Plaintiff of her property, and to over encumber the Property.  Along with this common purpose, Plaintiff must show that there is an ongoing organization and each defendant plays a part in this continuing unit.  *United States v. Turkette*, 452 U.S. 576, 583 (1981); see *Boyle v. United States*, 129 S. Ct. 2237, 2244 (2009) ("From the terms of RICO, it is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and

longevity sufficient to permit these associates to pursue the enterprise's purpose.")  Plaintiff must plead that the behavior of this enterprise is or was ongoing rather than an isolated activity. *Odom*, 486 F.3d at 553.

Plaintiff fails to meet these pleading requirements.  According to the complaint the enterprise's sole purpose was to transfer the Property from Feng RE to Feng 24 and this occurred on September 15, 2019. (Complaint ¶ 15.)  Plaintiff pleads no facts showing this association-in-fact enterprise is ongoing, or committed another act beyond the transfer to Feng 24.  Courts have rarely if ever found activity lasting less than a year sufficient to meet the enterprise requirement.  *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366-67 (9th Cir. 1992)  Lastly, there are no allegations to plausibly suggest this "association-in-fact" pose a threat of ongoing criminal activity as is required.

### 3.   Plaintiff Has Failed to Adequately Plead Any Predicate Acts Committed by or Participated In by Rodriguez or Garlock

In support of the RICO claim, Plaintiff broadly allege Defendants engaged in the predicate acts of mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, Financial Institution Fraud, 18 U.S.C. § 1344, Obstruction of Justice, 18 U.S.C. § 1503, and Extortion. (Complaint ¶¶ 26-41.) These predicate acts are grounded in fraud. Thus, Plaintiff must allege the predicate acts with particularity under Rule 9(b), which Plaintiff did not.

To establish a violation of Section 1962(d), Plaintiff must allege either an agreement that is a substantive violation of RICO or that Garlock and Rodriguez agreed, committed, or participated in, a violation of two predicate offenses.  *Howard v. America Online Inc.,* 208 F.3d 741, 775 (9th Cir. 2000).  To allege a violation of mail and wire fraud statutes under 18 U.S.C. §§ 1341 and 1343, a plaintiff must show (1) a scheme to defraud, (2) use of either the U.S. mails or interstate wires in furtherance of the fraud, and (3) specific intent to defraud. *Sun Savings & Loan Association v. Dierdorff*, 825 F.2d 187, 195 (9th Cir. 1987).

Under Ninth Circuit law, RICO claims based on predicate violations of mail and wire fraud must be dismissed where the allegations related to the predicate acts fail to state a claim for violation of the mail and wire fraud statutes. See *Edwards, supra,* 356 F.3d at 1065-66 (Rule 9(b) "applies to civil RICO fraud claims.") (citing *Alan Neuman Prods., Inc. v.*

1   *Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)); *In re All Terrain Vehicle Litig.*, 771 F. Supp.

2   1057, 1059-60 (C.D. Cal. 1991) (applying 9(b) to predicate acts of mail fraud, wire fraud, and

3   interstate transportation of stolen property).  Thus, to withstand a motion to dismiss, the

4   plaintiff must allege "the time, place, and specific content of the false representations as well

5   as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co.*, 806 F.2d at

6   1400; *Moore v. Kayport Package Exp. Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

7       Plaintiff failed to plead mail or wire fraud, or any instance of fraud, with any

8   particularity against Rodriguez or Garlock.  The sole act constituting both the mail and wire

9   fraud claims is Kevin Martin "[executing] a Grant Deed." (See Complaint ¶ 27 and 29.)

10  There are no allegations that Rodriguez and Garlock have done any act in violation of Section

11  1962(d).  Outside conclusory allegations, Plaintiff failed to plead that Rodriguez and Garlock

12  knew about the alleged fraudulent act of Kevin Martin, or "knowingly cause[d]" use of the

13  mails or wires to further the alleged scheme of transferring the Property from Feng RE to

14  Feng 24. 18 U.S.C. § 1341; see also, e.g., *Craig Outdoor Advertising,* 528 F.3d at 1027.

15       Plaintiff's complaint fails for the same pleading failures for the claims of Financial

16  Institution Fraud and Obstruction of Justice.  Plaintiff fails to allege Rodriguez or Garlock, or

17  any other defendant, did any act that could constitute as a violation of either statute.  And

18  Plaintiff has no standing to bring a claim for either predicate act violation because Plaintiff

19  would not be harmed by the alleged enterprise committing the alleged act. *Holmes, supra*, 503

20  U.S. 268-269.

21       What is appears Plaintiff is alleging on the claims related to the mortgage is a

22  dissatisfaction with the business decisions of Rodriguez in her role as manager of Feng 24.

23  Plaintiff, as a 49% member in Feng 24, has brought this RICO claim against Ms. Rodriguez

24  based on an intra-corporate dispute.  This is a breach of fiduciary duty claim improperly

25  masquerading as a RICO claim and should be dismissed by this Court.  *In re Teledyne*

26  *Defense Contracting Derivative Litig.*, 849 F. Supp. 1369, 1377 (C.D. Cal. 1993)

27       Lastly, the Extortion allegation fails for the same reasons as set forth above.  Plaintiff

28  does not claim Rodriguez or Garlock committed any act against Plaintiff.  Plaintiff provides

no proof that Rodriguez or Garlock knew of Mr. Pelosi's alleged actions, or any proof of the harm to Plaintiff caused by any act of Pelosi.  Because Plaintiff failed to plead Rodriguez or Garlock committed any act, agreed to any act, or participated in the violation of at least two predicate acts under the RICO statute this count must be dismissed without leave to amend.

### 4.    Plaintiff Has Failed to Plead a "Pattern of Racketeering Activity"

The entire alleged racketeering activity is the September 15, 2019 transfer of the Property from Feng RE to Feng 24 caused by Kevin Martin signing the grant deed under power of attorney without Plaintiff's knowledge or consent. (Complaint ¶ 15.)  Plaintiff has failed to plead at least two acts of racketeering activity against Garlock and Rodriguez. 18 U.S.C. § 1961(5); *Sedima*, 473 U.S. at 496 n.14; *Craig Outdoor Advertising*, 528 F.3d at 1027; *United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987) ("The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise . . . .").  Plaintiff must plead that the acts of the defendants' amount to or pose a threat of continued criminal activity. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004).  The Complaint is based entirely on the one time transfer of the Property, thus Plaintiff failed to plead continuity because the alleged racketing activity of transferring the Property does not pose an ongoing threat.  *Religious Tech. Ctr.*, 971 F.2d at 366-67.

### 5.    Plaintiff Has Failed to Plead the Existence of a Conspiracy

Garlock and Rodriguez are unsure if Plaintiff is alleging defendants also participated in a RICO conspiracy, but the Ninth Circuit has held that the failure to plead the requisite elements of § 1962(a) or 1962(c) implicitly means that a plaintiff cannot plead a conspiracy to violate either section.  *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000), opinion amended, 234 F.3d 428 (9th Cir. 2000), overruled by *Odom, supra,* 486 F.3d 541.  In the Complaint Plaintiff failed to plead the existence of a single RICO element against Rodriguez or Garlock and so Plaintiff cannot plead a claim for conspiracy.

//

//

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

## IV.    PLAINTIFF'S ALLEGATIONS AGAINST RODRIGUEZ AND GARLOCK FAILS TO SATISFY RULE 8(a) AND THUS SHOULD BE DISMISSED

Apart from the stricter pleading standards of Rule 9(b) detailed above, Plaintiff's factual allegations fail to satisfy the requisites of Rule 8(a), as discussed by the United States Supreme Court and the Complaint must be dismissed.

To state a claim for relief, Rule 8(a)(2) demands that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has identified a "two-pronged approach" for determining the legal sufficiency of a complaint under Rule 8(a)(2) in the face of a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678-79 (referencing *Twombly*, 550 U.S. 544).

First, the district court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678, quoting *Twombly*, 550 U.S. at 555.  Although the Rule 8 pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, at 678. (internal quotation marks and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.; *Twombly*, 550 U.S. at 555.

Second, the court should assume the veracity of any "well-pleaded factual allegations" and then determine "whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).  This requires more than a "sheer possibility that a defendant acted unlawfully." *Id*.  "Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted)

1    Plaintiff's Complaint fails to meet the requirements of Rule 8(b).  Plaintiff's

2    Complaint is improperly reliant on boilerplate language, which does not satisfy the

3    requirements of Rule 8.  Outside the false allegation that Rodriguez is the sole owner of Feng

4    24 and Garlock being the victim of a defamation website the Complaint contains no acts

5    committed by Rodriguez or Garlock. (Complaint at ¶ 15.)  Rodriguez and Garlock are lumped

6    together as "defendants" without any facts showing that they knew that the Property was

7    being transferred without Feng RE's consent. (Complaint at ¶¶ 15, 21, 31, 33, 42 and 43.)  For

8    each of Plaintiff's causes of action nothing more is asserted than a vague recital of the

9    elements without facts to support that cause of action.  This is exactly the type of inadequate

10   "naked assertion" and "defendant-unlawfully-harmed me" pleadings *Iqbal* sought to

11   eliminate. *Iqbal*, 556 U.S. at 678.

12       Further, Rodriguez and Garlock cannot understand the claims against them.  It appears

13   that Plaintiff is alleging that the Property was fraudulently transferred to Feng 24 by Kevin

14   Martin. (Complaint at ¶ 15.)  That said, Plaintiff's Complaint includes a section solely

15   devoted to claims of extortion against Pelosi, and claims related to her children and the

16   Department of Family and Child Services. (Complaint at ¶¶ 37-47).  It is impossible to

17   decipher what is being alleged against Rodriguez and Garlock in this portion of the

18   Complaint.  Is Plaintiff stating that they caused her children to be removed?  Is Plaintiff

19   asserting that this damaged Feng RE's ownership of the Property?  Is Plaintiff alleging that

20   she transferred the Property because of the threats made by Pelosi?  The Complaint fails to

21   reach the pleadings standards required by Rule 8(a)(2).  The Complaint is a mere recitation of

22   the elements of the alleged causes of action and conclusory statements that fail to reach the

23   standards required by *Iqbal*.  See also *Nevijel v. North Coast Life Ins. Co*., 651 F.2d 671, 674

24   (9th Cir.1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose,

25   confusing and almost entirely conclusory"); and *Schmidt v. Herrmann*, 614 F.2d 1221, 1224

26   (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and

27   unintelligible pleadings.") For these reasons the Court should grant this Motion to Dismiss.

28   //

GEORGINA RAMIREZ RODRIGUEZ AND WILLIAM GARLOCK'S MOTION TO DISMISS

1

## IV.   <u>CONCLUSION</u>

As a result, and for these reasons, Defendants respectfully request that Plaintiff's complaint be dismissed in its entirety without leave to amend.

Respectfully submitted,

DATED: December 3, 2019                    By:_____/Andrew C. Cross/_____
Andrew C. Cross,
Attorney for Georgina Ramirez Rodriguez and
William Garlock