Karena A. Feng
2086-18TH Avenue
San Francisco, Cal. 94116
Tel. 650-350-9088
Email: afengre@gmail.com

FILED

FEB 07 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KARENA A. FENG

        Plaintiff

v.

PAUL PELOSI, JR., GEORGINA RAMIREZ
RODRIGUEZ, WILLIAM, "BILL" GARLOCK,
DAVID J. LONICH, KEVIN R. MARTIN,
GREENLAKE REAL ESTATE FUND LLC,
BANK OF AMERICA, JOHN DOE, and
JANE DOE

        Defendants.

CASE NO. 19-cv-7541-RS

first
AMENDED COMPLAINT

AMENDED COMPLAINT FOR VIOLATION OF 42 U.S.C 1983,

FOURTEENTH AMENDMENT, 18 U.S.C. 1961, et seq., CONSPIRACY TO COMMIT

CIVIL RIGHTS VIOLATIONS, and NEGLIGENCE

## JURISDICTION

1.  This is an action for relief, proximately the result of conduct engaged in by the Paul Pelosi, Jr.,

    Georgina Ramirez Rodriguez, William Garlock, David J. Lonich, Kevin R. Martin, and

    Greenlake Real Estate Fund LLC in violation of 42 U.S.C. 1983, Fourteenth Amendment, and

    18 U.S.C. 1961, *et seq.*

AMENDED COMPLAINT - 1

2.   This Court has personal jurisdiction over the Defendants because all factual allegations derive from violations of 42 U.S.C. 1983, Fourteenth Amendment, and 18 U.S.C., 1961 *et seq*, and for the sake of judicial expediency, this Court has supplemental jurisdiction over all other claims, brought now or ever, that are so related to claims in the actions of the parties within such original jurisdiction that they form part of the same dispute pursuant to 28 U.S.C. §1367.

3.   This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1338 (federal question jurisdiction). Jurisdiction is premised upon the Defendants' violation of 42 U.S.C. 1983, Fourteenth Amendment, and 18 U.S.C. §1961, *et seq.*, and

## VENUE

4.   Venue is proper in this district pursuant to 28 U.S.C. §1391 and §1400 because the bulk of Plaintiff's business is transacted in the County of San Francisco, California, and for the Defendants that do not, and for the sake of judicial expediency, this Court has supplemental jurisdiction over the Defendants that are so related to claims in the actions of the parties within such original jurisdiction that they form the Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331, & §1343.

## THE PARTIES

5.   Plaintiff, Karena A. Feng (hereinafter "Plaintiff"), is a *sui juris* resident of San Francisco, Cal. residing at:

1995 34th Avenue
San Francisco County
San Francisco, Cal. 94116
Tel. 650-350-9088

6.   Defendant Paul Pelosi, Jr. (hereinafter "Pelosi") is a *sui juris* resident of San Francisco, Cal. residing at:

AMENDED COMPLAINT - 2

333 Steiner Street, #4
San Francisco County
San Francisco, California
+1 (415) 225-9936

7.   Defendant Georgina Ramirez Rodriguez (hereinafter "Rodriguez"), sued in her individual

capacity, is a *sui juris* resident of San Francisco, Cal. with a principal place of business at:

40-29th Street
San Francisco County
San Francisco, Cal. 94110
+1 (605) 520-9859

8.   Defendant William "Bill" Garlock (hereinafter "Garlock") is a *sui juris* resident of San

Francisco, Cal. with a principal place of business at:

40-29th Street
San Francisco County
San Francisco, Cal. 94110
+1 (650) 520-9859

9.   Defendant, David J. Lonich (hereinafter "Lonich"), is a *sui juris* resident of Santa Rosa, Cal.

residing at:

960 Doubles Drive, Suite 112
Sonoma County
Santa Rosa, Cal. 95407
+1 (707) 228-4446

Upon information and belief, Lonich is incarcerated.

10. Defendant Kevin Martin, is a *sui juris* resident of places unknown with a principal business

address at

1939 Harrison Street, #910
Alameda County
Oakland 94612
+1(510) 444-7600

AMENDED COMPLAINT - 3

11. Defendant, Greenlake Real Estate Fund LLC (hereinafter "Greenlake"), is the beneficiary of a property known as 2601-2611 24th Street, San Francisco, Cal. 94110 (a.k.a. 1300-1316 Utah Street, San Francisco, Cal. 94110) with a principal place of business at:

1416 El Centro Street, Suite 200
Los Angeles County
South Pasadena, California 91030

12. Defendant Bank of America (hereinafter "BOA"), is the grantor of a property known as 2601-2611 24th Street, San Francisco, Cal. 94110 (a.k.a. 1300-1316 Utah Street, San Francisco, Cal. 94110) with a principal place of business at:

399 E. Colorado Boulevard
Los Angeles County
Pasadena, California 91101

## RULE 8A SHORT AND PLAIN STATEMENT OF THE CLAIM

13. Defendants have concocted a scheme whereby, under the premises, Defendant Pelosi identifies and nurtures the mark (Pelosi visited Plaintiff's clinic every day for more than a year). Defendant Rodriguez utilizes Greenlake to make a short-term loan to hold the property and Defendant Greenlake willingly makes such a loan. Should anyone outside the circle interfere, Defendant, Garlock threatens such person(s) with a deadly weapon. In November 2019 Defendant Garlock threatened Plaintiff with a deadly weapon after filing and service of the Complaint. The Defendants look for a big bank to make a high loan to value mortgage which the conspirators close on with without making one payment of interest and principal, abscond, and when the Federal Bureau of Investigation starts to investigate, the conspirators leave the country. On February 14, 2019, Defendant Pelosi told Plaintiff the he was leaving the country

AMENDED COMPLAINT - 4

because he suspects he was being investigated. Defendants Lonich and Martin are the attorneys that try to legitimize the scheme.

14. Further to the premises, in this instance, that big bank is Bank of America, a financial institution that has had a 25-year relationship with the Pelosi family and where Defendant Pelosi, Jr, was a Vice President for a time.

## STATEMENT OF FACTS

15. On July 1998, Defendant Pelosi entered the business office of Plaintiff which was a Naturopathic Clinic but did not receive a treatment; Defendant Pelosi continued to visit the Clinic every day, again without asking for or receiving treatments.   A friendship ensued where Defendant Pelosi came to known that Plaintiff was the owner of 2611-24th Street, a property with 20 single occupancy units on two floors and 5 stores on the ground floor with a an approximate value of SIXTEEN MILLION DOLLARS ($16,000,000) according to a brokers appraisal attached herein as Exhibit "A." In total, Defendant Pelosi came to know that Plaintiff was the owner of another property where the two buildings had a combined value of TWENTY THREE MILLION, THREE HUNDRED THOUSAND DOLLARS ($23,300,000).

16. Upon information and belief, Defendant Pelosi targeted Plaintiff as a wealthy real estate owner in San Francisco, Cal. that was an easy mark, and through the creation of fictitious companies under fictitious names in conjunction with Defendants Rodriguez, Garlock, Lonich, and Martin as co-conspirators he took it by launching "West Edge Halo, Inc." (a creation for the 'WEED' operations of Defendant's team) following a "Feng 24th, LLC.", (Exhibit "B"), (to misconstrue tenants of the property, that the ownership with Karena Feng/ Feng RE, Inc., continues, so "just pay the manager, Defendant, Georgina" AND to deceive the City & County of San Francisco believing the ownership continues with Karena Feng representing Feng RE, Inc. into

"FENG 24TH, LLC", so to NOT collect TRANSFER TAX "GIFTING" of ZERO DOLLARS to Defendant, Georgina who impersonates with a "Feng 24th, LLC").

17. On September 15, 2019, Borrower Feng 24th, LLC, obtaining title by the <u>SIGNATURE of Defendant Martin</u> without Plaintiff's knowledge and without Plaintiff's authorization transferring the Property from a wholly owned company of the Feng Family, Feng RE, Inc. to a fictitious company, Feng 24th, LLC in <u>which Plaintiff held no ownership interest</u>, and it is this fraudulent transaction that led to this AMENDED Complaint; Plaintiff denies the authenticity of this document as it bears her forged signature WITHOUT a notary. AND, the representing broker for the transaction, PELOSI, NEVER received any documented authorization from Plaintiff to sell Plaintiff's building to anyone, let alone GIFT it away, (*in violation of Brokerage Contracts Requirements, California law requires brokerage contracts to be in writing where the agreement authorizes the broker to procure a purchaser or seller, or a landlord or tenant for a lease longer than one year, in exchange for compensation or commission. Cal. Civ. Code § 1624.*

    a. *Brokerage contracts should include the following information:*

    b. *Evidence of employment or authorization of the broker (Phillippe v. Shapell Indus., 43 Cal. 3d 1247, 241 Cal. Rptr. 22, 743 P.2d 1279 (1987))*

    c. *A definite, specified date of termination (Cal. Bus. & Prof. Code § 10176(f))*

    d. *The full amount of the broker's compensation, commission, or profit under the agreement (Cal. Bus. & Prof. Code § 10176(g))*

    e. *A provision sufficient to identify the property (Phillippe v. Shapell Indus., 43 Cal. 3d 1247, 241 Cal. Rptr. 22, 743 P.2d 1279 (1987))*

    f. *The signature of the party employing the broker (Cal. Civ. Code § 1624))*

18. Defendant Georgina Rodriguez (a.k.a. Gina Rodriguez, a.k.a. Georgina Ramirez, a.k.a. Georgina Ramirez Rodriguez) is the sole owner of Feng 24th, LLC as evidenced by the California Secretary of State's Articles of Organization attached as Exhibit "C." As for Defendant Garlock, an adversary has created a website named "Garlock Company Frauds" which can be viewed at https://garlockfraud.wordpress.com/tag/bill-garlock/ involving property swindles in the same form complained of here.

### Plaintiff has a Private Cause of Action to Bring the Instant Action

19. The instant action is a shareholder derivative action.

20. Fed R. Civ. P. 23.1(b) states:

> (b) Pleading Requirements. The complaint must be verified and must:
> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
> (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
> (3) state with particularity:
> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort.

21. By its Declaration, Plaintiff verifies this Complaint presumably docketed as ECF No. 60.

22. Plaintiff became a shareholder of Feng RE, Inc. on its date of incorporation, April 5, 2013 and is the entity is ACTIVE as evidenced by the California Secretary of State attached herein as Exhibit "D".

23. Plaintiff states under the penalty of perjury that such actions or statements are not collusive ones to confer jurisdiction that the Court would otherwise lack.

24. On January 15, 2019, Plaintiff and remaining Board Members, Martin Shiang and Emily Yang unanimously agreed to the bringing of legal action by Feng RE, Inc.

AMENDED COMPLAINT - 7

25. In California, several distinctions are normally followed:

    a.  Eligible shareholders must file a demand on the board. (See Gerstein, Mark; Connelly, Blair; Lightdale, Sarah; Rowen, Zachary. "Delaware Courts' Recent Decisions on Appraisal May Discourage Opportunistic Appraisal Arbitrageurs". ISSN 2329-9134.) The board may either reject, accept, or not act upon the demand.

    b.  If after a period of time, the demand has been rejected or has not been acted upon, shareholders may file suit. If the board accepts the demand, the corporation itself will file the suit. Whereas, here, all shareholders unanimously agreed.

    c.  In the instant action and since the death of Edward Feng, Plaintiff's father, Plaintiff is the majority shareholder of Feng RE, Inc., possesses voting control, and is one of its three board members, and, as such, distinctions in California and the requirements of Fed R. Civ. P. 23.1(b) have been satisfied, *res ipsa loquitur*.

### **Georgina Ramirez Rodriguez and William Garlock.**

26. On December 11, 2017, Defendant Rodriguez, on behalf of Feng 24th, LLC, took out a THREE MILLION AND FIVE HUNDRED THOUSAND ($3,500,000) loan secured by a First Priority Deed of Trust from Defendant Greenlake.

27. For an income producing property such as 2601-2611 24th Street, Feng 24th at the direction of Defendant Rodriguez, took care to not make one payment of principal and interest on the loan. Plaintiff requests Defendant Greenlake on producing financial documents, (*per Civil Code section 3295, subdivision (c) enables a plaintiff seeking damages, and recovering lost property with title to use subpoenas to require the defendant to produce financial information. A* plaintiff "may subpoena documents for the purpose of establishing the profits or financial condition . . . and the defendant may be required to identify documents in the defendant's

AMENDED COMPLAINT - 8

*possession which are relevant and admissible for that purpose and the witnesses employed by or related to the defendant who would be most competent to testify to those facts." (Civ. Code, § 3295, subd. (c); see also Code Civ. Proc. § 1987 [subpoena procedures]; Pfeifer v. John Crane, Inc. (2013) 220 Cal.App.4th 1270, 1303, 164 Cal. Rptr. 3d 112 (Pfeifer) [noting that requests to produce information were made pursuant to Code Civ. Proc. § 1987].) The traditional subpoena process protects the defendant's privacy interests while affording the plaintiff some assurance that the defendant's financial information will be at the ready if and when it becomes necessary. Moreover, the traditional subpoena process allows the plaintiff to identify key documents and witnesses and prepare accordingly.*

*The plaintiff at this time, requests to move the <u>court for the Northern District of California for an order compelling production of documents per Subpoena to the defendant, per (Fed. R. Civ. P., 45 (D), (2), (B)(I)).</u>*

28. "Peter Chang" of Greenlake, was the Trustee for the loan.

29. From the original Complaint, Rodriguez attaches exhibits that she swears are authentic, true copies:

        a.   a Purchase Offer purportedly signed by Plaintiff with Defendants Garlock and Pelosi as co-brokers;

        b.   a Grant Deed with Defendant Martin as attorney;

        c.   an Operating Agreement of West Edge Halo that promises to pay $400,000 as one of the payments to Plaintiff (the Operating Agreement can state anything Rodriguez wishes it to say).

AMENDED COMPLAINT - 9

30. The Grant Deed attached herein as Exhibit "G" that is out of sorts when compared with the Grant Deed attached herein as Exhibit "F." Both are dated March 16, 2017 and witnessed by the same Notary, Shackus Kattel, is evidence to Defendant Martin's fabrication. Defendant Martin knowingly transfers Plaintiff's corporate property, ("Plaintiff's property") to Defendants, using a deceptive name, "Feng 24th, LLC" when transferred from "Feng RE, Inc." by Defendant Martin, without any payment nor authorization from Plaintiff to make such transfers of title, (*..property transfer was made for no consideration and debtor made conveyance with intent to defraud creditors,* Campbell v. Haddock (In re Haddock), 246 B.R. 810.)

31. If Alexander Hamilton (New York), William Samuel Johnson (Connecticut), Rufus King (Massachusetts), James Madison (Virginia), and Gouverneur Morris (Pennsylvania) – who were appointed to distill a final draft of the U.S. Constitution noticed a typo or missing information when writing the U.S. Constitution, they would not have wetted their quills with ink and hand wrote the change on parchment. No, it would have been completed re-written.

32. Plaintiff, under the penalty of perjury disputes the authenticity of every document, except for the February 9, 2017 Settlement Agreement, in the Rodriguez/Garlock Motion. Conclusory statements in a civil complaint can be anything that Rodriguez/Garlock wish it to say. Rodriguez/Garlock present no evidence that Plaintiff was ever served.

33. Plaintiff, under the penalty of perjury disputes the authenticity of what purports to be her signature on documents a to c above.

34. Plaintiff, under the penalty of perjury disputes receiving payment for the value of Plaintiff's property, let alone, $400,000 it.

AMENDED COMPLAINT - 10

35. Most importantly, Plaintiff's sole source of income was fees from the Naturopathic clinic, frequented by not only Defendant Pelosi but on separate occasions Speaker of the House Nancy Pelosi and what other rents were generated from the property. When Plaintiff lost rights of the property, the prophecy of Defendant Pelosi rang true and Plaintiff was forced to live in her car for two years.

36. Plaintiff, as a result of the swindle engineered with doctored documents and forged signatures reported the matters to the Federal Bureau of Investigation on October 5, 2018.

37. On February 14, 2019, Defendant Pelosi told Plaintiff he was leaving the country to avoid investigation.

38. From Rodriguez to Greenlake to Peter Chang of Greenlake as Trustee, hardly an arms length transaction, to the FBI to the taking flight of Pelosi, where in the words of Senator Dianne Feinstein during the 2005 Alberto Gonzales hearings "there is something rotten in Denmark."

### **Defendant Paul Pelosi, Jr. is a State Actor**

39. Section 1983 action is appropriate against a private actor, Defendant Pelosi, who works together with government actors, the County of Santa Clara in a common plan; the joint action test is well established.

40. Pelosi can be expected to argue that "Plaintiff has failed to allege a viable claim against him for violation of 42 U.S.C. Section 1983", because "Pelosi as a matter of law did not act 'under color of state law.'"

41. While it is true that Pelosi is not a government official, the U.S. Supreme Court established precedent under which a §1983 claim will lie against a private citizen (see *Adickes v. S.H. Kress & Co. 398 U.S. 144* (1970)). In *Adickes*, the operators of a private department store allegedly worked jointly with the police to maintain racial segregation at the store's lunch

AMENDED COMPLAINT - 11

counter. Merely calling the police to enforce the law is not sufficient to turn the private party into state actor. Rather, there must be joint action so that the police and the private party are working together in a common plan. (see also *Smith v. Brookshire Bros.*, 519 F.2d 93 (5th Cir. 1975); *Barrett v. Harwood*, 189 F.3d 297, 304 (2d Cir. 1999).

42. Three alternative tests have evolved to determine whether a private citizen might be considered a state actor for purposes of Section 1983: (1) the public function test; (2) the state compulsion test; or (3) the nexus/joint action test. (see Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003), citing, Willis v. Univ. Health Servs., 993 F.2d 837 (11th Cir. 1993), quoting National Broad. Co., Inc. ("NBC") v. Communications Workers of Am., AFL-CIO, 860 F.2d 1022, 1026- 27 (11th Cir. 1988)) (other citations omitted). It will be shown that the "nexus" and "joint action" test applies to Pelosi's conduct.

43. The Joint Action test is satisfied in the instant action.

44. Where "the state has so far insinuated itself into a position of interdependence with the Defendant(s) that it was a joint participant in the enterprise." According to *Focus*, supra, at 1267, a court will examine whether the government and the acting party are "intertwined in a symbiotic relationship," as well as whether the relationship involves "the specific conduct of which Plaintiff complains."

45. The U.S. Supreme Court has found that under the "joint action" test a private party can be fairly said to be a state actor where a private party is a "willful participant in joint action with the State or its agents." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923, 102 S. Ct. 2744, 2746 (1982) ("*Lugar*").

46. Here, it is expected that Pelosi will contend that "as a matter of law he did not act 'under color of state law.'" On Counsel to Pelosi's part, this is a misstatement of the law.

AMENDED COMPLAINT - 12

47. A private party's joint participation with a state official in a conspiracy to discriminate would constitute both state action essential to show a direct violation of Plaintiff's equal protection rights under the Fourteenth Amendment and action under color of law for purposes of 42 U.S.C. § 1983. (See *Lugar*, supra, at 923.)

48. The present case against Pelosi is legally identical to *Lugar*, as the following detailed analogy shows. In *Lugar*, a private actor engaged the County to seize property in satisfaction of an alleged debt, by stating an alleged:

> …belief that the debtor was disposing of or might dispose of his property in order to defeat his creditors. Acting upon the petition, a clerk of the state court issued a writ of attachment, which was then executed by the county sheriff which effectively sequestered the debtor's property…
>
> *Lugar*, supra at 923

49. Here, just like *Lugar*, private actor Pelosi engaged the County of Santa Clara to seize Plaintiff's children, by stating an alleged belief that Plaintiff will be destitute after Pelosi "takes all of [Plaintiff's] money," or words to that effect where Pelosi further stated "when you have no place to live and no money, protective services will take your children," text messages attached herein as Exhibit "E."  Acting upon Pelosi's information, the County of Santa Clara effectively sequestered Plaintiff's children.

50. In *Lugar*, just as in the present case, the private party argued that they were not acting under color of law. However, the Supreme Court rejected that argument, finding that a: "…private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment. *"Lugar v. Edmondson Oil Co*., 457 U.S. 922, 923, 102 S. Ct. 2744, 2746 (1982).

AMENDED COMPLAINT - 13

51. Likewise, here, Pelosi jointly participated with the County of Santa Clara in the unwarranted seizure, and subsequent coercion and torture of Plaintiff's four children. At least in *Lugar*, the private actor could point to the fact that the State had issued a writ of mandate, giving at least some credence to the seizure. Nevertheless, the *Lugar* Court found a sufficient nexus between the private actor's conduct of engaging government officials on the one hand, and the subsequent seizure of property on the other hand, so as to find a "joint action" for Section 1983 purposes.

52. The facts alleged against Pelosi in the instant action are more egregious than those in *Lugar*, and joint action is more easily found, because here there are no facts that even arguably justify the warrantless removal scheme, but unjust enrichment by a real estate swindle followed. There is more than sufficient nexus between Pelosi's conduct of engaging County officials via false allegations, coercion and torture on the one hand, and the subsequent seizure of the children and so as to find a "joint action" for Section 1983 purposes.

53. Moreover, it is worth emphasizing that here, as in *Lugar*, the private actor's conduct engaging government officials worked to the benefit of both Pelosi and the County of Santa Clara, as Pelosi was enriched by a portion of the real estate swindle that preceded, while County of Santa Clara receives funding based on number of children in the system.

54. Under the "symbiotic relationship" test a private party can be fairly said to be a state actor where "the state has so far insinuated itself into a position of interdependence" with a private party that "it must be recognized as a joint participant in the challenged activity." (See *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S. Ct. 856, 6 L.Ed.2d 45 (1961) (holding privately owned restaurant's refusal to serve an African American customer constituted state action where the restaurant leased space from a parking garage owned by state agency).

55. Here, the benefits obtained by Pelosi and by the County of Santa Clara are indeed interdependent.

56. The County cannot derive its additional funding without the false allegations and coercion cooperatively performed by Pelosi, because such is necessary to emotionally "break" a child. Pelosi could not derive his portion of the real estate swindle without occupying Plaintiff's time and trust regarding the custody of her children, which necessarily requires County to cooperatively perform its function of destroying family unity.

57. County has so far insinuated itself into a position of interdependence with Pelosi in that the County's financial goals in seizing four children, the youngest of which is of an ideal age to be adopted and the oldest of which is of an ideal age to be sex trafficked could not be realized without Pelosi, and Pelosi's financial goals cannot be realized without the County.

58. That state action exists when the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity, which, on that account, cannot be considered to have been so "purely private" as to fall without the scope of the Fourteenth Amendment (see *Krynicky v. Univ. of Pittsburgh*, 742 F.2d 94, 95 (3d Cir. 1984)).

59. Therefore, the Court should find that the factual allegations here satisfy the joint action test, such that Defendant Pelosi will be considered a State actor for Section 1983 purposes.

**STATE ACTOR PAUL PELOSI, JR. IS NOT ENTITLED TO QUALIFIED IMMUNITY**

60. The United States Supreme Court has stated that qualified immunity is the norm, absolute immunity is the exception (*Harlow v. Fitzgerald*, 457 U.S. 750 800, 807, 810-11 (1982).

AMENDED COMPLAINT - 15

61. In Balcerzak, Stephanie E. "Qualified Immunity for Government Officials: The Problem of Unconstitutional Purpose in Civil Rights Litigation. 95, No. 1 (Nov. 1985) pp. 126-147. The Yale Law Journal, the author stated:

> In Harlow, the Supreme Court fundamentally altered the qualified immunity defense available to an official charged with a constitutional violation in a civil rights action for damages. Under Harlow, an official is entitled to immunity unless his conduct violates a "clearly established" constitutional right.

62. All constitutional rights are expressly stipulated and written in the U.S. Constitution, which is the supreme law of the land, meaning that any other laws which are in contradiction with it are considered unconstitutional and thus regarded as invalid.

63. The Fourteenth Amendment to the U.S. Constitution provides:

> [N]or shall any State deprive any person of life, liberty, or property, without due process of law.

64. Then, while not a constitutional right, but important nonetheless, there is: 42 U.S.C. §1983 which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

65. Respectfully, no matter what qualified immunity defense that Defendant Pelosi tries to employ there is no getting around the Fourteenth Amendment, *Harlow*, and §1983.

AMENDED COMPLAINT - 16

66. No matter what road block the State of California tries to erect to protect its State Actors the Fourteenth Amendment, *Harlow,* and §1983 remains to subject every person to its provisions. Supremacy Clause, Article Six, Clause 2 of the U.S. Constitution that establishes the U.S. Constitution, trumps the State laws.

### 13201 San Pablo Ave,. San Pablo, CA 94806

67. Wholly owned by Feng RE, Inc. from 2008 to 2004, Defendant and civil racketeer Pelosi was trying to connect with a buyer of San Pablo property in 2015.

68. Pelosi tried to contact a buyer to talk about the San Pablo building, later related to Plaintiff by such purported buyer. Plaintiff, upon information and belief states that such purported buyer was a sock puppet of Pelosi. The sock puppet of Pelosi ran off with Plaintiff's title, in a scheme complained of here, transferred it TWELVE times in one month, immediately following the sale, in which the buyer contracted  for and paid FOUR MILLION DOLLARS ($4,000,000) below market value and only paid the initial payment of $800,000 and fabricated the remaining paperwork with fraudulent signatures, and disappeared.

69. The Brokers value of the San Pablo property is FOUR MILLION EIGHT HUNDRED THOUSAND DOLLARS is ($4,800,000) million, by Susan Yao of Keller Williams Realty.

### 42 U.S.C 1983 – LEGAL STANDARD

70. 42 U.S.C. §1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, customer usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

AMENDED COMPLAINT - 17

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity,

or other proper proceeding for redress.

71. The elements of a §1983 claim are:

    a.  a "person";

    b.  acted under "color of law"; and

    c.  deprived another person of a constitutional right.

72. A State is not a person under 42 U.S.C. §1983, but a City is a person under the law (*Will v.*

*Michigan Department of State Police* 49 US 58 109 S. Ct. 401 2304 105 394 L. Ed 2d 45

[1989]).

73. State or City officials acting in their official capacities are not persons under U.S.C. §1983, but

State or City officials acting in their individual capacities are persons under the law.

74. Defendant Pelosi is a person.

75. Defendant Pelosi is a person who acted "under color of state law" when Pelosi threatened and

then did persuade the Santa Clara Department of Family and Child Services (DFSC) to remove

Plaintiff's biological children LF, KF, MF, and RSF from their home if Plaintiff did not accede

to Pelosi's realty demands.

76. Thus, Plaintiff maintains that liability under §1983 has been established as:

    a.  Defendant Pelosi was on duty;

    b.  Defendant Pelosi held himself out as a public official;

    c.  Defendant Pelosi invoked the authority of his office when he caused the

        removal of LF, KF, MF, from their home; and newborn RF from the

        delivery room.

AMENDED COMPLAINT - 18

77. Plaintiff further maintains that liability under §1983 has been established as Plaintiff alleges facts that plausibly give rise to claims that his injuries were caused by a policy or custom of the County of Santa Clara as follows:

      a.  *In Re Baby Boy Ward*, after a stake out of a Mother's recovery room, a newborn baby was removed;

      b.  *In Re Veronica Rezentes* who complied with a Court order to deliver such child to a biological father which had a past history as a sex offender and such child was removed;

      c.  In Re child of Justin Banta whose child was coerced into telling untruths about her father, later recanted, but was still the subjected of removal; and

      d.  Plaintiff could go on and on.

## FOURTEENTH AMENDMENT – LEGAL STANDARD

### Due Process Clause

78. Section One of the Fourteenth Amendment to the United States Constitution provides:

    [N]or shall any State deprive any person of life, liberty, or property, without due process of law.

79.    In the past thirty-five years, the case law reads and is authority that:

In stating a claim of a violation of procedural due process, Plaintiff alleges:

    (1) the existence of a property or liberty interest that was deprived (the ownership of 2601-2611 24th Street, San Francisco, Cal. 94110) and (2) deprivation of that

AMENDED COMPLAINT - 19

interest without due process as a fictitious companies, fraudulent conveyances, and familial rights.

80.     In stating a claim of a violation of substantive due process, Plaintiff alleges that: (1) she had a valid property or liberty interest (the ownership of 2601-2611 24th Street, San Francisco, Cal. 94110), and (2) that interest was infringed upon in an arbitrary or irrational manner (the arbitrary of a fictitious corporate authorization of which Plaintiff denies the authenticity of her signature).

81. The title transfer "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even where it accompanied by full procedural protection.''

      a.  Defendant Martin executed a Grant Deed to transfer ownership of 2601-2611 24th Street, San Francisco, Cal. 94110 without notice to Plaintiff, without the Plaintiff's authorization, and without Powers of Attorney;

      b.  So arbitrary in that the fictitious company, Feng24, LLC was named so similar to the ownership company, Feng RE, Inc. that tenants would remit rents much like they have all along.

      c.  So egregious in the glaring, flagrant actions of Defendants, Plaintiff alleges the Defendants conduct a property swindling racket in San Francisco led by Defendant Paul Pelosi, Jr. who originally targeted the Plaintiff as the Enterprise's "pigeon" as defined by par. 21.

82.     As a result, by a. to c. above, Plaintiff has suffered the shock of her conscience that persists to this day.

**18 U.S.C. 1961, et seq. – LEGAL STANDARD**

83.    According to 18 U.S.C. 1961, et seq. (the "RICO Statute"), that there exists a racketeering Enterprise in the County of San Francisco, California that consists of: Paul Pelosi, Jr., Georgina Ramirez Rodriguez, William ("Bill") Garlock, David J. Lonich, Kevin R. Martin, and Greenlake Real Estate Fund LLC; Plaintiff believes BOA was negligent. Plaintiff shows with a clear and convincing evidence that Paul Pelosi, Jr., Georgina Ramirez Rodriguez, William Garlock, David J. Lonich, Kevin R. Martin, and Greenlake Real Estate Fund LLC, conspired and collaborated to concoct fictitious instances of property default and they have mortgaged a property to the hilt and have absconded with the money. 2601-2611 24th Street, San Francisco, Cal. 94110 is the subject of a foreclosure sale on November 19, 2019 as a result of the frauds of the Defendants.

84.  Traditional RICO Statute predicate acts are contained herein and include: (i) mail fraud (ii) wire fraud (iii) financial institution fraud (iv) obstruction of justice; (v) extortion; and (vi) retaliating against a witness, victim. These predicate acts are pled with specificity in the instant action.

85.  The RICO Statute contains a provision that allows for the commencement of a civil action by a private party to recover damages sustained as a result of the commission of a RICO predicate offense(s). The RICO Statute also permits a private individual "damaged in his business or property" by a "racketeer" to file a civil suit. The plaintiff must prove the existence of an "enterprise", and Plaintiff proves with a preponderance of the evidence of the existence of such an enterprise Paul Pelosi, Jr., Georgina Ramirez Rodriguez, William Garlock, David J. Lonich, Kevin R. Martin, and Greenlake Real Estate Fund LLC. As pled elsewhere in the instant action, the connections among these parties proves the existence of an "enterprise."

AMENDED COMPLAINT - 21

86. Plaintiff shows with specificity at least one of four specified relationships between the defendant(s) and the Enterprise: either the defendant(s) invested the proceeds of the pattern of racketeering activity into the Enterprise (18 U.S.C. § 1962(a)); or the defendant(s) acquired or maintained an interest in, or control of, the Enterprise through the pattern of racketeering activity (subsection (b)); or the defendant(s) conducted or participated in the affairs of the Enterprise "through" the pattern of racketeering activity (subsection (c)); or the defendant(s) conspired to do one of the above (subsection (d)). The Enterprise is either the 'prize,' 'instrument, 'victim,' or 'perpetrator' of the racketeers. A Civil RICO action can be filed in Federal court.

87. Traditional RICO Statute predicate acts are contained herein and include: (i) mail fraud (ii) wire fraud (iii) financial institution fraud (iv) obstruction of justice; (v) extortion; and (vi) retaliating against a witness, victim. These predicate acts are pled with specificity in the instant action.

## CONSPIRACY TO COMMIT CIVIL RIGHTS VIOLATIONS

88. In order to prevail on a conspiracy, claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right. "To state a section 1983 conspiracy claim, a plaintiff must allege: (1) the existence of a conspiracy involving State action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000) A conspiracy, generally, consists of an agreement between two or more persons to engage in an unlawful act. In some contexts, an overt act in furtherance is also required.

89. Here, regarding the conspiracy to deprive Plaintiffs of their civil rights, by omitting the details, particularly the details substantiating *mens rea*, the Defendants mischaracterizes the factual allegations in the original Complaint as "conclusory".

90. By repeating the Defendants argument, but now including the details, it is shown that Plaintiffs plausibly state a conspiracy claim:

91. The instant action claims that Defendant Pelosi decided to instigate and fabricate false documentation with false signatures against Plaintiff due to personal, including (but not limited to) financial, motivations, (culminating in a financial gain of over a SIXTEEN MILLION DOLLAR ($16,000,000).

92. The instant action then asserts that certain Defendants took up their posts to effect the nefarious scheme and Defendant BOA failed to conduct an adequate investigation into the veracity of the underwriting documents and signatures (knowing it would cause destruction of real estate portfolio while advancing the conspirators'), and that they removed Plaintiff's property without lawful justification.

93. The instant action then further posits that the Defendants further perpetrate the nefarious scheme on two others of Plaintiff's properties.

94. The instant action also contends that the various Defendants concocted a scheme to forge Plaintiff's signature (knowing and intending that it would advance their collective and harmonious financial interests, while destroying Plaintiffs well-established real estate portfolio).

95. Therefore, the Court should find that Plaintiffs plausibly state a conspiracy to deprive civil rights.

## NEGLIGENCE -- LEGAL STANDARD

96.     In these instances, Defendant BOA found itself caught up in the web of the swindling conspirators who portray themselves as unrepentant, recidivist, and perpetrators of personal injury that amounts to at least negligence.

97.     In this action for negligence, Plaintiff positions the following four elements to show that Defendant BOA acted negligently, albeit unbeknownst to it:

    a.  Duty - The Defendant BOA owed a duty to Plaintiff under the circumstances;

    b.  Breach - The Defendant BOA breached that legal duty by acting or failing to act in a certain way; Causation - It was the Defendant BOA's actions and inactions that caused Plaintiff's injury; and

    c.  Damages – Plaintiff is harmed as a result of the Defendant BOA actions and inactions in allowing the Enterprise to mortgage out the property with fraudulent title, malicious intentions, forged signatures, and Defendant BOA is conducting a foreclosure sale of 2601-2611 24th Street, San Francisco, Cal. 94110 on November 19, 2019 as a result of the frauds of the Defendants.

98.     The Defendant BOA owed Plaintiff and the public interest a legal duty of care. The circumstances between Plaintiff and BOA created a legal duty in that a duty of care is a legal obligation which is imposed on an individual requiring adherence to a standard of reasonable care while performing any acts that could foreseeably harm Plaintiff.

99.     The Defendant BOA breached this duty by doing something that a "reasonably prudent person" would not do under similar circumstances – negligent underwriting of fraudulent loans. The term "reasonably prudent person" refers to a legal standard that represents how the average person would responsibly act in a certain situation.

100.    Defendant BOA breached their legal duty of care when, by this Complaint, they failed to heed Plaintiff's warning that the Grant Deed was executed without notice, without authorization, without power of attorney, forged signatures and that she received no proceeds from the Defendants financially encumbering the property known as 2601-2611 24th Street, San Francisco, Cal. 94110. and the criminal record of Georgina Ramirez Rodriguez.

## CONCLUSION

101.    Under the premises, Defendant Pelosi identifies and nurtures the mark (Pelosi visited Plaintiff's clinic every day for more than a year). Defendant Rodriguez utilizes Greenlake to make a short-term loan to hold the property and Defendant Greenlake willing makes such loan, (*court erred in granting trustee's 735 ILCS 5/2-619 motion to dismiss stockholder's fraud and breach of fiduciary duty claims asserting trustee's failure to disclose alleged fraud caused sale of stock for grossly inadequate price; numerous genuine issues of material fact about drafting and negotiation of release of trustee precluded dismissal,* Janowiak v. Tiesi, 402 Ill. App. 3d 997)

102.    Should anyone outside the circle interfere, Defendant Garlock threatens such person with a deadly weapon. In November 2019 Defendant Garlock threatened Plaintiff with a deadly weapon after filing and service of the Complaint. The Defendants look for a big bank to make a high loan to value mortgage which the conspirators close on with without making one payment of interest and principal, abscond, and when the Federal Bureau of Investigation starts to investigate, the conspirators leave the country. On February 14, 2019, Defendant Pelosi told Plaintiff the he was leaving the country because he suspects he was being investigated. Defendants Lonich and Martin are the attorneys that try to legitimize the scheme.

AMENDED COMPLAINT - 25

100.     Defendant BOA breached their legal duty of care when, by this Complaint, they failed to

heed Plaintiff's warning that the Grant Deed was executed without notice, without authorization,

without power of attorney, forged signatures and that she received no proceeds from the

Defendants financially encumbering the property known as 2601-2611 24th Street, San Francisco,

Cal. 94110. and the criminal record of Georgina Ramirez Rodriguez.

## CONCLUSION

101.     Under the premises, Defendant Pelosi identifies and nurtures the mark (Pelosi visited

Plaintiff's clinic every day for more than a year). Defendant Rodriguez utilizes Greenlake to

make a short-term loan to hold the property and Defendant Greenlake willing makes such

loan, (*court erred in granting trustee's 735 ILCS 5/2-619 motion to dismiss stockholder's fraud*

*and breach of fiduciary duty claims asserting trustee's failure to disclose alleged fraud caused*

*sale of stock for grossly inadequate price; numerous genuine issues of material fact about*

*drafting and negotiation of release of trustee precluded dismissal,* Janowiak v. Tiesi, 402 Ill.

App. 3d 997)

102.     Should anyone outside the circle interfere, Defendant Garlock threatens such person with

a deadly weapon. In November 2019 Defendant Garlock threatened Plaintiff with a deadly

weapon after filing and service of the Complaint. The Defendants look for a big bank to

make a high loan to value mortgage which the conspirators close on with without making one

payment of interest and principal, abscond, and when the Federal Bureau of Investigation

starts to investigate, the conspirators leave the country. On February 14, 2019, Defendant

Pelosi told Plaintiff the he was leaving the country because he suspects he was being

investigated. Defendants Lonich and Martin are the attorneys that try to legitimize the

scheme.

AMENDED COMPLAINT - 25

103.    Further to the premises, in this instance, that big bank is Bank of America, a financial institution that has had a 25-year relationship with the Pelosi family and where Defendant Pelosi, Jr, was a Vice President for a time.

## COUNT ONE

## VIOLATION OF 42 U.S.C. 1983

(Defendant Paul Pelosi, Jr.)

104.    Plaintiff repeats every assertion contained herein.

105.    As a result of the Defendant's acts, Plaintiff now suffers and will continue to suffer irreparable injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of **FIVE MILLION TWO HUNDRED THOUSAND DOLLARS** ($5,200,000) as well as punitive damages, costs, and attorney's fees.

## COUNT TWO

## VIOLATION OF FOURTEENTH AMENDMENT

(Defendant Paul Pelosi, Jr.)

106.    Plaintiff repeats every assertion contained herein.

107.    As a result of the Defendants' acts, Plaintiff now suffers and will continue to suffer irreparable injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of **FIVE MILLION TWO HUNDRED THOUSAND DOLLARS** ($5,200,000) as well as punitive damages, costs, and attorney's fees.

## COUNT THREE

## VIOLATION OF 18 U.S.C 1961, et seq,

(Defendants Paul Pelosi, Jr., Georgina Ramirez Rodriguez, William Garlock,

David J. Lonich, Kevin R. Martin, and Greenlake Real Estate Fund LLC)

108.   Plaintiff repeats every assertion contained herein.

109.   As a result of the Defendants' acts, Plaintiff now suffers and will continue to suffer injury

and monetary damages, and that Plaintiff is entitled to damages sustained to date and

continuing in excess of the amount of **FIVE MILLION TWO HUNDRED THOUSAND**

**DOLLARS ($5,200,000)** as well as treble damages, punitive damages,costs,   and   attorney

fees.

## COUNT FOUR

### VIOLATION OF CONSPIRACY TO COMMIT CIVIL RIGHTS

(Defendants Paul Pelosi, Jr., Georgina Ramirez Rodriguez, William Garlock,

David J. Lonich, Kevin R. Martin, and Greenlake Real Estate Fund LLC)

110.   Plaintiff repeats every assertion herein.

111.   As a result of the Defendants' acts, Plaintiff now suffers and will continue to suffer injury

and monetary damages, and that Plaintiff is entitled to damages sustained to date and

continuing in excess of the amount of **FIVE MILLION TWO HUNDRED THOUSAND**

**DOLLARS ($5,200,000)** as well as treble damages, punitive damages,costs,   and   attorney

fees.

## COUNT FIVE

### VIOLATION of NEGLIGENCE

(Defendant Bank of America)

112.   Plaintiff repeats every assertion herein.

AMENDED COMPLAINT - 27

113.   As a result of the Defendants' acts, Plaintiff now suffers and will continue to suffer injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of **TWO MILLION DOLLARS FIVE HUNDRED THOUSAND** ($2,500,000), costs, and attorney fees.

**WHEREFORE**, a judgment is respectfully demanded:

a.   Awarding against the individually named Defendant such compensatory damages as the jury may impose, but not less than **TWENTY-THREE MILLION THREE HUNDRED THOUSAND DOLLARS** ($23,300,000);

b.   Awarding against the individually named Defendant such punitive damages as the jury may determine, but not less than such punitive damages as the jury may impose, but not less than **TWENTY-THREE MILLION THREE HUNDRED THOUSAND DOLLARS** ($23,300,000);

c.   Permanently enjoining the Defendants Paul Pelosi, Jr., Georgina Ramirez Rodriguez, William Garlock, David J. Lonich, Kevin R. Martin, and Greenlake Real Estate Fund LLC from further violation of the violation of the Fourteenth Amendment, violation of 42 U.S.C 1983, 18 U.S. C. 1961, et seq., and violation of Conspiracy to Commit Civil Right Violations.

d.   Permanently enjoying Bank of America from conducting a foreclosure sale of 2601-2611 24th Street, San Francisco, Cal. 94110 on November 27, 2019, and if such foreclosure sale is affected, claw back the transaction until to the conclusion of these proceedings.

e.   Awarding reasonable attorney's fees and costs; and,

1           f.    Granting such other and further relief as this Court deems just and proper.

2

3     **JURY TRIAL IS DEMANDED**

4     Plaintiff demands a trial by jury on all claims so triable.

5     Dated: February 7, 2020

6     San Francisco, California.

7     For Plaintiff:

8

9

10

11     _____

12                   Karena A. Feng

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT - 29

# EXHIBIT "A"

BayView Financial Trading Group
Self-Storage Facility BPO

5/3/2013

Loan Number

Complex Name:  Mixed Use- 1314 Utah Building                  Broker: KW Commercial, Fremont DRE# 01019482

Property Address:  1314 Utah Street San Francisco Ca, 94110

                                                                    Phone #: 510 368 8347

County:         San Francisco                                        Fax #:
                            APN: 4264-001

| | | Unit Size | # of Units | Asking Rent | | Real Estate Taxes |
|---|---|---|---|---|---|---|
| Year Built: | 1911 | | | | | |
| Construction Type: | Masonry | | 14,500 | 19 | Assessed Value | 1,248,110 |
| Site Size: | 5,000 | | | SROs-16 units | 74,160 Assessed Year | 2012 |
| Building Size: | 14,500 | | | Street Level | 1,176,000 Annual Taxes | 15,291.20 |
| RV Storage Avail.? | 0 | | | Roof | 60,000 Delinquent Amt. | 0 |
| Rate for RV Storage: | 0 | | | Basement | 96,000 | |
| Boat Storage Avail.? | 0 | | | | 1,406,160 | |
| Rate for Boat Storage | 0 | | | | | |

Subject Condition:   Good - Avg. - Fair - Poor
Sub. Listed for Sale:  Yes / No     List Price: $10,333,000          Subject Location:   Good - Avg. - Fair - Poor          Subject Compatible to Area: Yes / No
Property Comments:  A historical building with SRO's and retail units. Great upside potential in this high demand neighborhood.     Time on Market:  April-May, One Month     Agent Phone #:510-368-8347
All leased

Please discuss any deferred maintenance or vacancy issues: Street level and basement have been owner occupied/ vacant. New tenants to move in the next couple of months.

Income Approach:

| | | PGI (1) | 1,406,160 | Source of Other | |
|---|---|---|---|---|---|
| | | - Vac. & Coll. Loss | 140,616 | Income (if any): | Amount |
| R.E. Taxes: | | 117,000.00 + Other Income (OI) | 0 | | $ |
| Operating Exp.'s: | | 140616 EGI | 1,265,544 | | $ |
| Total Expenses: | Sum -------> | - Expenses | 257,616 | | $ |
| Cap. Rate | | 6% NOI | 1,007,928 | Total: | $ |
| Market Cap. Rate Range from ___4%__ to ____9% | | Stabilized Value | 16,798,800 | | |
| | | -Rent Loss | 0 | | |
| | | -TI's | -200,000 | | |
| | | -Leasing Commissions | 0 | | |
| | | -Deferred Maintenance | -250,000 | | |
| | | As Is Value | 16,348,800 | | |

| Complex Name & Address | Comp. 1 | Comp. 2 | Comp. 3 | Complex Name & Address | Rental 1 | Rental 2 | Rental 3 |
|---|---|---|---|---|---|---|---|
| | 68 6th Street | 1176 Potrero Ave | 1595 Dolores Street | | 613 York Street | 1640 Valencia | 2773 Mission Street |
| City | San Francisco | San Francisco | San Francisco | City | San Francisco | San Francisco | San Francisco |
| Distance to Subject | 3 Miles | 3 Miles | 1.7 Miles | Distance to Subject | 8 Miles | 1.3 Miles | .9 Miles |
| Year Built | 1910 | 1919 | 1989 | Year Built | 1900 | 1919 | 1920 |
| Date of Sale | 1/31/2013 | 3/1/2013 | 12/10/2012 | Unit Size | 1500 SF | 2300 SF | 3800 |
| Sales Price | 1,800,000 | 3,650,000 | 1,470,000 | Rent | 48/SF Per year | 36/ SF Per Year | 33/SF Per Year |
| Price Per Square Feet | 212.35 | 323 | | Unit Size | | 600 SF | |
| Vacancy % at Sale | 5% | | 392 | Rent | | | |
| Overall Expenses | | | | Unit Size | | 37.80 | |
| Capitalization Rate | | | | Rent | | 2500 | |
| Time on Market | | 5.6% (At time of listing) | | Unit Size | | 37.80 | |
| Building Size (SF) | 8,712 | 11,300 | 3,750 | Rent | | | |
| # of Units | 31 | 1 | 4 | Concessions | | | |
| Site Size (acres) | 0.05 | 0.2 | 0.06 | Phone # of Agent | (415) 863-1775 | (414) 649-1468 | (415) 592-5998 |
| Access (2) | | | | Location (2) | Mission District | N valley/Bernal H/ Mi | Mission DIST |
| Location (2) | SOMA | Potrero Hill | Noe Valley | Condition (2) | Excellent | Good | Excellent |
| Condition (2) | Good | Good | Good | | | | |

| | As Is | As Stabilized | |
|---|---|---|---|
| Market Approach Value Estimate | | 55,000,000 | 6,600,000 |
| Income Approach Value Estimate | | 16,348,800 | 16,798,800 |
| Reconciled Market Value | | 10,674,400 | 11,399,400 |
| Suggested List Price | | $ | |

(1) If the # of units is not available, use the avg. asking rent/SF of all units and the bldg. size estimate to calculate the estimate of PGI.
(2) Note if comparable is Superior, Inferior or Similar

Estimated Marketing Time & Lease Up Estimate:
Please Comment on Local Market and Value Trends:

Date Completed: May 3, 2013

Please email this form along with supporting photographs of the subject, as

# EXHIBIT "B"

| **Secretary of State**<br>Statement of No Change<br>(Limited Liability Company) | **LLC-12NC** |
|---|---|

19-C44924

# FILED

In the office of the Secretary of State
of the State of California

JUN 26, 2019

**IMPORTANT** — Read instructions **before completing this form. This form may be used only if a complete Statement of Information has been filed previously and there has been no change.**

**Filing Fee — $20.00**

**Copy Fee** — $1.00;
Certification Fee - $5.00 plus copy fee

*This Space For Office Use Only*

1. **Limited Liability Company Name** (Enter the **exact** name of the LLC as it is recorded with the California Secretary of State. Note: If you registered in California using an alternate name, see instructions.)

FENG 24TH, LLC

| 2. **12-Digit Secretary of State File Number** | 3. **State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201705410283 | CALIFORNIA |

4. **No Change Statement** (Do not alter the No Change Statement. If there has been any change, please complete a Statement of Information (Form LLC-12).)

*There has been no change in any of the information contained in the previous complete Statement of Information filed with the California Secretary of State.*

5. The information contained herein is true and correct.

| 06/26/2019 | Georgina Rodriguez | Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document, enter the name of a person or company and the mailing address. This information will become public when filed. (SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

LLC-12NC (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

# EXHIBIT "C"

| Secretary of State<br>**Articles of Organization**<br>Limited Liability Company (LLC) | **LLC-1** |
|---|---|

# 2 0 1 7 0 5 4 1 0 2 8 3

**FILED**
Secretary of State
State of California

**FEB 1 0 2017**

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee - $70.00**

Copy Fees - First plain copy free; Additional copies: First page $1.00 & .50 for each attachment page; Certification Fee - $5.00

*Important!* LLCs may have to pay an annual minimum $800 tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

## 1.  Limited Liability Company Name (See Instructions – Must contain an LLC ending such as LLC or L.L.C.  "LLC" will be added, if not included.)

FENG 24TH, LLC

## 2.  Business Addresses

| a. Initial Street Address of Designated Office in California - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 40 29TH STREET | SAN FRANCISCO | CA | 94110 |

| b. Initial Mailing Address of LLC, if different than Item 2a | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
|  |  |  |  |

## 3.  Agent for Service of Process

Item 3a and 3b: If naming an individual, the agent must reside in California and Item 3a and 3b must be completed with the agent's name and complete California street address.

Item 3c: If naming a California Registered Corporate Agent, a current agent registration certificate must be on file with the California Secretary of State and Item 3c must be completed (leave Item 3a-3b blank).

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| GINA |  | RODRIGUEZ |  |

| b. Street Address (if agent is not a corporation) - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 4663 PARDEE AVE | FREMONT | CA | 94538 |

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 3a or 3b

## 4.  Management (Select only one box)

The LLC will be managed by:

☑ One Manager    ☐ More than One Manager    ☐ All LLC Member(s)

## 5.  Purpose Statement (Do not alter Purpose Statement)

The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

## 6.  The information contained herein, including in any attachments, is true and correct.

Organizer sign here

GINA RODRIGUEZ
Print your name here

LLC-1 (REV 06/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

# EXHIBIT "D"

**Alex Padilla**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, February 5, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C3559013   FENG RE, INC.

| | |
|---|---|
| **Registration Date:** | 04/05/2013 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | KARENA APPLE FENG |
| | 1995-34TH AVE |
| | SAN FRANCISCO CA 94116 |
| **Entity Address:** | 1995-34TH AVE |
| | SAN FRANCISCO CA 94116 |
| **Entity Mailing Address:** | 1995-34TH AVE |
| | SAN FRANCISCO CA 94116 |

A Statement of Information is due EVERY year beginning five months before and through the end of April.

| Document Type ⬍ | File Date | ⬍ PDF |
|---|---|---|
| SI-COMPLETE | 12/13/2019 | |
| SI-COMPLETE | 03/15/2018 | |
| AMENDMENT | 06/07/2013 | |
| REGISTRATION | 04/05/2013 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |
|---|---|---|

# EXHIBIT "E"



# EXHIBIT "F"

20179K43003600002
San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC 2017-K430036-00
Acct 7003-First American Title - Santa Ana
Wednesday, APR 05, 2017 11:36:38
Ttl Pd  $21.00        Nbr-0005576753
ofa/RE/1-2

RECORDING REQUESTED BY:
FIRST AMERICAN TITLE COMPANY

AND WHEN RECORDED MAIL TO:

FENG 24TH LLC,
A CALIFORNIA LIMITED LIABILITY COMPANY
40 29TH STREET
SAN FRANCISCO, CA.

Title Order No.: 5048503                                    Escrow No.: 06-508854-DS
APN: Lot:001; Block:4284          GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
                    DOCUMENTARY TRANSFER TAX is $0.00
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area    [X] City of SAN FRANCISCO AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

FENG RE, INC, a California Corporation

hereby GRANT(s) to:

FENG 24TH, LLC, a California Limited Liability Company
the real property in the City of SAN FRANCISCO, County of San Francisco, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as:  2601-2611 24TH STREET, SAN FRANCISCO, CA  94110

SEE EXHIBIT "A"

Dated March 8, 2017                          FENG RE, INC, a California Corporation
This conveyance changes the manner in which      By: _____
title is held, grantor(s) and grantee(s) remain the       Kevin R. Martin AKA Kevin Richard
same and continue to hold the same proportionate      Martin, attorney for Feng RE Inc, &
interest. R & T 11911.                             Kevena Apple Feng

[box] ...als verifies only the identity of the individual who signed the document to
...ess, accuracy, or validity of that document.

Shakush Kattel                         A Notary Public personally
Martin                                who proved to me on the
...se name(s) is/are subscribed to the within instrument and acknowledged
...their authorized capacity(ies), and that by his/her/their signature(s) on the
...which the person(s) acted, executed the instrument.
...aws of the State of California that the foregoing paragraph is true and

_____ (Seal)

SHAKUSH KATTEL
COMM. # 2167065
NOTARY PUBLIC • CALIFORNIA
ALAMEDA COUNTY
My Commission Expires
OCT 6, 2020

IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE

# EXHIBIT "G"

## EXHIBIT D

**RECORDING REQUESTED BY:**
FIRST AMERICAN TITLE COMPANY

**AND WHEN RECORDED MAIL TO:**

FENG 24TH LLC,
A CALIFORNIA LIMITED LIABILITY COMPANY
40 29TH STREET
SAN FRANCISCO, CA

This is to certify that the attached is a true and correct
copy of _____ Grant Deed _____
recorded _____ 3-9-2017 _____ as
Instrument No. 2017-K412436 in Book _____
page 8/8 _____ Official Records.
FIRST AMERICAN TITLE COMPANY LOS ANGELES

---

| Title Order No.: 5048803 | THIS SPACE FOR RECORDER'S USE ONLY: |
| AP#: Lot:001; Block:4264 | Escrow No.: 08-309654-CS |

**GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

**DOCUMENTARY TRANSFER TAX is $0.00**

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of SAN FRANCISCO AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged

**FENG RE, INC, a California Corporation**

hereby GRANT(s) to:

**FENG 24TH, LLC, a California Limited Liability Company**
the real property in the City of SAN FRANCISCO, County of San Francisco, State of California, described as
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 2601-2611 24TH STREET, SAN FRANCISCO, CA 94110

Dated March 8, 2017

FENG RE, INC, a California Corporation

By: _____

Kevin R. Martin AKA Kevin Richard Martin,
Attorney for Feng RE inc and Karena
Apple Feng



...icate verifies only the identity of the individual who signed the document to
...riness, accuracy, or validity of that document.

Shakush Kattel _____ A Notary Public personally
Martin _____ who proves to me on the
...ose name(s) is/are subscribed to the within instrument and acknowledged
...that authorized capacity(ies), and that by his/her/their signature(s) on the
...f which the person(s) acted, executed the instrument.
...laws of the State of California that the foregoing paragraph is true and

(Seal)

SHAKUSH KATTEL
COMM. # 2167055
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
My Commission Expires
OCT 6, 2020

NO PARTY SHOWN, MAIL AS SHOWN ABOVE: