KEVIN R. MARTIN (CSB 176853)
kevin@martinapc.com
**MARTIN APC**
1939 Harrison Street, Suite 910
Oakland, CA  94612
Phone: 510-444-7600

Attorneys for Defendant
KEVIN R. MARTIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENA A. FENG,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL PELOSI, JR.; GEORGINA RAMIREZ RODRIGUEZ; WILLIAM GARLOCK; DAVID J. LONICH; KEVIN R. MARTIN; GREENLAKE REAL ESTATE FUND, LLC; BANK OF AMERICA; JOHN DOE, and JANE DOE.<br><br>    Defendants. | Case No.: 3:19-CV-07541-RS<br><br>**REPLY BRIEF**<br><br>Date:         April 16, 2020<br>Time:        1:30 p.m.<br>Dept.:        3- 17th Floor<br>Judge:       Hon. Richard Seeborg<br>Action Filed:  11/15/2019 |

Defendant Kevin R. Martin submits the following Reply Brief in Support of his Motion to Dismiss First Amended Complaint filed by Plaintiff Karena A. Feng on February 7, 2020.

**I.      INTRODUCTION.**

Plaintiff Karena A. Feng's "Memorandum of Law in Opposition to The Motion to Dismiss the Amended Complaint of Kevin R. Martin"  (Doc. 88) [herein after referred to as "Opposition"], aside from being sorely mislabeled, fails to address the shortcomings raised in

Defendant Martin's moving papers and in fact seemingly admits her claims against him have no merit since she affirmatively withdraws them.

## II. LEGAL ARGUMENT.

### A. Plaintiff Has Withdrawn Her Claims for Alleged Violation of Fourteenth Amendment and "Conspiracy to Violate Civil Rights" Against Defendant Martin.

One thing that can be gleaned from Plaintiff's Opposition (Doc. 88) is that she is withdrawing her claim against Mr. Martin for alleged violation of her Fourteenth Amendment rights[1] (see Doc. 88, p. 30 of 38) and her claim for "conspiracy to violate civil rights" against him (see Doc. 88, p. 34 of 38).  This would leave solely Ms. Feng's claim for alleged violation of 18 U.S.C. §1961 pending against Defendant Martin for consideration on the instant motion. As discussed in the moving papers, and without much argument in Plaintiff's Opposition, the First Amended Complaint (Doc. 63) fails to allege (because she has none) the necessary factual details needed to maintain her claim for alleged RICO violations against Defendant Martin.

### B. Plaintiff's Opposition Does Not Address The Deficiencies in her RICO Claim Raised in Defendant Martin's Motion To Dismiss.

As set out in Martin's Motion to Dismiss (Doc. 75) Ms. Feng's claim against Defendant Martin for alleged violation of  18 U.S.C. §1961 should be dismissed with prejudice because – despite invitation from the Court- she has again failed to allege with specificity the section of the statute to which she contends defendant's actions apply, nor has she shown any evidence of an ongoing organization or a pattern of racketeering activity amongst the associates as required under the statute.  As discussed in *United States v. Turkette*, (452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)) to secure a conviction under RICO, the [plaintiff] must prove both the existence of an "enterprise" and the connected "pattern of racketeering activity." The

---

[1] It is unclear whether this claim is even asserted against Defendant Martin in the First Amended Complaint since Plaintiff's "Count Two Violation of Fourteenth Amendment" identifies only Defendant Paul Pelosi, Jr. as its subject.  (See Doc. 63, p. 27 of 44)

enterprise is an entity, for present purposes, a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. 18 U.S.C. §1961(1) (1976 ed., Supp. III). The former is proved by evidence of an *ongoing* organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. *Id.,* at 584.

As detailed in the Court's prior Order, the only collective purpose among the defendants alleged in the Complaint -and now First Amended Complaint- is the one-time transfer of the 24th Street Property from Feng Re, Inc. to Feng 24. Feng does not plead any other facts showing that the association between defendants (and more particularly Mr. Martin) is "ongoing" or that they function as a "continuing unit". Indeed, as alleged in the First Amended Complaint, one of the defendants David Lonich is incarcerated. (See Doc. 63, p. 3) Thus at a minimum it would seem impossible for there to be any ongoing association or continuing unit involving Mr. Lonich.

In her claim for racketeering asserted against Attorney Martin in her First Amended Complaint, Plaintiff makes no effort to set forth with any specificity the conduct of which she complains but rather asserts a claim integrating each of the numerous preceding paragraphs, alleging she has suffered "damages" in the amount of $5,200,000[2] without any context or support. (See Doc. 63, p. 28-29). Plaintiff needs to do more than merely assert conclusory allegations, however, but rather must set forth sufficient factual detail to state a claim against this defendant that is plausible on its face. As set forth above, this is virtually impossible in the context of her §1961 claim. A claim is legally frivolous when it lacks an arguable basis either

---

[2] Notably down from the original claim of $12,000,000 in the Complaint.

in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. *Id.,* at 327. Having been provided opportunity to amend her claim and failed, the Court should dismiss Plaintiff's claim with prejudice.

### III.  CONCLUSION.

Plaintiff has expressly withdrawn her claims alleging violation of the Fourteenth Amendment and a "Conspiracy to Violate Civil Rights" against Defendant Martin. Her remaining claim for violation under 18 U.S.C. §1961 again fails to allege a plausible claim for relief against him and should be dismissed with prejudice.

Date:  March 26, 2020                                                    MARTIN APC

By: *Kevin R. Martin*
Kevin R. Martin, Esq.
Attorneys for KEVIN R. MARTIN

# PROOF OF SERVICE

I, Kevin R. Martin declare:

I am over 18 years of age and not a party to this action. On the date set forth below, I served the within:
**REPLY**

on the parties in this action as listed below:

| | |
|---|---|
| *Karena A. Feng*<br>*1995 34th Avenue*<br>*San Francisco, CA 94116*<br>*In Pro Per*<br>*(VIA CM/ECF))* | *Russell K. Marne*<br>*MARNE LAW GROUP*<br>*30 North San Pedro Road, Suite 195*<br>*San Rafael, CA 94903*<br>*Attorneys for Paul Pelosi, Jr.*<br>*(VIA CM/ECF)* |
| *Andrew Cross*<br>*Attorney at Law*<br>*42 Retiro Way*<br>*San Francisco, CA 94123*<br>*Attorney for William Garlock and*<br>*Georgina Ramirez Rodriguez*<br>*(VIA CM/ECF)* | *Craig C. Daniel*<br>*Matthew J. Gluck*<br>*Frances Cheever*<br>*GLUCK DANIEL*<br>*One Sansome Street, Stuie 720*<br>*San Francisco, CA 94104*<br>*Attorneys for Greenlake Real Estate Fund, LLC*<br>*(VIA CM/ECF)* |
| *David C. Powell*<br>*Alicia A. Baiardo*<br>*Aaron R. Marienthal*<br>*MCGUIREWOODS LLP*<br>*Two Embarcadero Center*<br>*Suite 1300*<br>*San Francisco, CA 94111-3821*<br>*Attorneys for Defendant Bank of America (VIA CM/ECF)* | |

[ ]  (By Mail)  I enclosed the document in an envelope addressed to the persons at the addresses listed above and placed it in the regular mail for regular daily pickup by the United States Postal Service at my place of business.

[X]  (By CM/ECF)  I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the parties identified above as recipients of such filing.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **March 26, 2020**, at Oakland, California.

*Kevin Martin*
Kevin R. Martin