UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARENA APPLE FENG,

    Plaintiff,

v.

PAUL PELOSI, et al.,

    Defendants.

Case No. 19-cv-07541-RS

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

*Pro se* plaintiff Karena Apple Feng's initial complaint was dismissed with leave to amend because, inter alia, she lacked standing and failed to state a claim. Feng has now filed a First Amended Complaint ("FAC"). Defendants Paul Pelosi, Jr., Georgina Ramirez Rodriguez, William Garlock, Kevin Martin, Greenlake Real Estate Fund LLC, and Bank of America have moved to dismiss the FAC, asserting Feng *still* lacks standing and fails to state a claim.[1] Pursuant to Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and the hearing set for April 16, 2020 is vacated. For the reasons set forth below, the motions are granted.

The facts underlying this case are set out in detail in the order dismissing Feng's initial complaint. *See* ECF No. 58, at 2–4. They stem from an allegedly fraudulent real estate transaction, during which the property located at 2601-2611 24th Street, San Francisco, CA 94110 ("24th Street

---

[1] The six defendants filed five separate motions to dismiss; Rodriguez and Garlock filed a joint motion. Feng has responded only to Martin's and Pelosi's motions—that too, after the deadlines. Only Martin has replied. As the response and reply deadlines have long expired, resolution of the motions on their merits is appropriate.

Property") was transferred from Feng RE, Inc. to Feng 24th, LLC. Feng alleges she is a majority shareholder in Feng RE but has no stake in Feng 24th, and the transaction was made by Martin, her attorney, without her consent. Defendants contend Feng RE owns 49% of Feng 24th, and Feng consented to the transaction. The FAC states five claims: (1) conspiracy, under 42 U.S.C. § 1983, (2) violations of the Fourteenth Amendment, (3) racketeering, under 18 U.S.C. § 1962, (4) a conspiracy to violate civil rights, and (5) negligence. The first two claims are asserted against Pelosi alone, the third and fourth against all defendants except Bank of America, and the fifth against Bank of America alone.

As a threshold matter, Feng has failed to demonstrate she has standing to bring any of her claims. If the 24th Street Property was indeed transferred illicitly away from Feng RE, as Feng alleges, then the injured party is not Feng the individual, but rather Feng RE, the corporation. Should Feng RE intend to bring these claims, as a corporation it must be represented by counsel. *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972). Feng, who is not an attorney, may not represent Feng RE. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). The only harm to Feng herself identified in the FAC is the removal of Feng's children from her care by the Department of Child and Family Services ("DCFS")—but that is not the subject of this lawsuit. It is, however, the subject of numerous other lawsuits Feng is pursing in the Northern District of California. *See, e.g.*, *Feng v. Cty. of Santa Clara*, No. 19-cv-06877 (N.D. Cal. filed Oct. 22, 2019); *Feng v. Dep't of Human Servs.*, No. 20-cv-00648 (N.D. Cal. filed Jan. 28, 2020); *Feng v. Cal. Dep't of Soc. Servs.*, No. 20-cv-00692 (N.D. Cal. filed Jan. 30, 2020). Put differently, those are cases about child custody, while this is a case about real estate; if Feng sought to bring claims about the former subject in the present case, the cases would likely need to be related and referred to the judges already adjudicating those issues. With respect to the real estate transaction, she lacks standing.

Nor has Feng met the requirements, set forth in Rule 23.1, for bringing a derivative action. The Rule requires, inter alia, the individual plaintiff to document efforts made to compel the corporation to enforce its own rights and the corporation's failure to do so. Fed R. Civ. P. 23.1(b)(3). However, the FAC states the Feng RE directors agreed the corporation should bring

suit to enforce its rights. It also states Feng is a majority shareholder in Feng RE, suggesting she could compel the corporation to follow through on this intent. Nevertheless, Feng persists in bringing this lawsuit in her individual capacity, perhaps in an attempt to avoid hiring counsel. As this is not the purpose of derivative suits, Rule 23.1 does not permit this tactic.

With respect to Feng's first two claims—made under 42 U.S.C. § 1983 and the Fourteenth Amendment, respectively, and brought against Pelosi alone—she has also again failed to meet the state action requirement. In an attempt to clear this bar, the FAC newly alleges Pelosi acted "in concert" with the DCFS to remove Feng's children from her care, and thus a sufficient "nexus" exists between Pelosi's conduct and the government's so as to render him a de facto state actor. As discussed above, however, the basis for this case is an allegedly fraudulent real estate transaction, not the custody of Feng's children. The DCFS is notably not named as a defendant here. It is, however, named in many other cases Feng has filed in this District. Feng seems to be raising facts about her children in the present case for the purpose of clearing the state action bar. If she does not actually intend to litigate the child custody issues here, her tactic is clearly improper; if she does, then those claims would need to be related to one of her many ongoing child custody cases. In either situation, as Feng has not alleged Pelosi acted in concert with the state with respect to the real estate transaction, she has not met the state action requirement.

Finally, Feng has failed to state a claim under any of her causes of action. First, a 42 U.S.C. § 1983 claim cannot be alleged without also alleging an underlying constitutional violation, which Feng has not done. "Conspiracy" alone is not a § 1983 claim. Second, the sole basis for Feng's Fourteenth Amendment claim seems to be the removal of her children by the DCFS—but again, as discussed above, this case is not the proper forum for those allegations. If she pursued those allegations here, she would run into preemption issues, rendering her claim implausible. Third, Feng has not alleged any new facts as to her racketeering claim. She also again fails to specify which subsection of 18 U.S.C. § 1962 was allegedly violated. Fourth, her conspiracy claim is similarly vague. To the extent she seeks to bring it under 42 U.S.C. § 1983, it fails for the reasons described above; to the extent it arises under 18 U.S.C. § 1962(d), i.e. as a racketeering

ORDER DISMISSING FIRST AMENDED COMPLAINT
CASE NO. 19-cv-07541-RS
3

conspiracy, it cannot stand because Feng has not plausibly alleged racketeering. Fifth, Feng has not alleged any new facts with respect to Bank of America's alleged negligence. Thus, that claim must fail for the same reasons articulated in the order dismissing her prior complaint.[2]

For the reasons set forth above, the FAC is dismissed. Feng's renewed request to record a notice of *lis pendens* is denied, as her underlying claims have been dismissed. Furthermore, Feng will not be given leave to amend, because it appears allowing her to do so would be futile. In particular, Feng was given the opportunity to file a FAC in case she could allege facts demonstrating she had standing. She failed to allege any new facts with respect to standing and instead claimed to be bringing a derivative suit. However, the allegations in the FAC demonstrate, if anything, Feng RE wants to sue on its own behalf, rendering her "derivate suit" unnecessary. Therefore, Pelosi, Rodriguez, Garlock, Martin, Greenlake, and Bank of America are dismissed.

The case cannot, however, be dismissed it in its entirety, because defendant David Lonich has not yet answered the complaint. It is not clear he was properly served or has otherwise received the complaint. In particular, it seems a "Mrs. Lonich" was served at a residential address, but Feng states, on information and belief, Lonich is incarcerated. *See* ECF No. 58 n.1. If Feng wishes to pursue her claims against Lonich, she should cause the FAC to be served upon him—at the correctional facility where he is housed, not at his prior residence—within 21 days of the date of this order, and file proof of service. Otherwise, the action will be dismissed in its entirety.

**IT IS SO ORDERED**.

Dated: March 30, 2020

_____
RICHARD SEEBORG
United States District Judge

---

[2] Bank of America's request for judicial notice, *see* ECF No. 81-1, is granted. The exhibits of which Bank of America requests judicial notice be taken are identical to exhibits noticed in the order granting the prior motions to dismiss, *see* ECF No. 58, at 6–7.